The opinion of the Court was delivered by
Tilghmán C. J.
The question is, whether, under these circumstances, John Blaker be liable to the payment of the annuity of sixty dollars. He contends, that he is not liable, because the annuity was in nature of alimony, which, if decreed, on a divorce from bed and board, ceases on a divorce from the bond of marriage. The law is certainly so, in case of a decree of divorce and alimony ; but it does not follow, that it is so, in case of separation and maintenance by voluntary agreement. The parties may make what agreement they please, and the only question is, what is the agreement. In this case, the articles of agreement, and the *502 bond, are to be considered as one transaction. They bear saine date. It is provided by the articles, that the husband shall give security for payment of the annuity, by judgment ar>d mortgage ; and the bond with warrant of attorney confess judgment, was given in performance of the articíes. The express agreement was, that the annuity should be paid during the life of the wife, nor is there any intimation to the contrary, except the implication which is attempted to be drawn from the word alimony in the condition of the bond. To be sure, alimony, technically, signifies a sum of money paid for the maintenance of a married woman, who is separated from her husband. But the articles of agreement have no such word as alimony, nor can I suppose that it was intended to be used technically in the bond. The agreement really was, that the husband should pay sixty dollars a year, for the wife’s support, during her life, in consideration whereof, he was to be indemnified from any further expense, and from any claims of dower. The father was security for this indemnification, so that the husband received a quid pro quo. Blaker, it seems, was a man of landed property, and this exemption from dower was an important consideration. He retains all the benefit of this agreement, notwithstanding the subsequent divorce, and marriage of his wife. It does not appear on the record, at whose instance this divorce was obtained, nor what was the cause of it. It may be, that it was caused by the husband’s misconduct, and if so, il would be a bad reason for getting rid of the annuity. I will not presume that it was occasioned by the misconduct of the wife, because it is not shewn. There is no doubt that a man may agree to pay an annuity to his wife during his life, whether she remains his wife, or obtains a divorce and marries again.’ And it appears to me, that in the present case, there has been such an agreement. I am therefore of opinion, that the Judge of the Court of Common Pleas, was right, in charging the jury that the plaintiff was entitled to recover, and the judgment should be affirmed.
Judgment affirmed.