## NEW YORK SUPERIOR COURT.

JOHN McDONOUGH agt. MARGARET McDONOUGH.

*Alimony,* whether in an action for divorce or for a separation, cannot be claimed as a matter of *right.* It is wholly discretionary with the court.

Where the *wife* has a judgment of the court in her favor against her husband for a separation from bed and board forever, and in which judgment the court made an allowance to her of a sum in gross, and declared that it should be in *full satisfaction for her support and of all alimony whatsoever,* such judgment is a *bar to the claim for alimony* by the wife in a subsequent action for divorce brought by her husband against her for adultery, although she claims *affirmative relief* in her defence, charging adultery against her husband.

But such judgment does not preclude her from obtaining a *counsel fee* to assist her in defending the suit for divorce. And she may, *upon restitution* of the original sum allowed her in gross, renew her motion for temporary alimony, and also for a further counsel fee.

*Special Term, June,* 1863.

THIS is an application for a counsel fee to the defendant's attorney to aid her in defending the action, and for temporary alimony.

The defendant in her answer not only denies the charge of adultery, but alleges the commission of adultery by the plaintiff, and asks for affirmative relief.

MONELL, Justice. Ordinarily, under these circumstances, the defendant would be entitled to both an allowance to enable her to conduct her defence, and to a reasonable support pending the suit.

But it is objected that she is not entitled to alimony by reason of the judgment of a court of concurrent and competent jurisdiction, which operates as a bar.

Prior to June, 1860, the present defendant prosecuted an action in the court of common pleas of this county, against the present plaintiff, for a limited divorce, on the ground of cruel and inhuman treatment. By the judgment in that action, entered in June, 1860, the parties were separated from bed and board forever. That judgment further ordered that the defendant therein should pay to the plaintiff therein the sum of one hundred dollars " *in full*

McDonough agt. McDonough.

*satisfaction for her support and maintenance, and of all alimony whatsoever."*

It appears by the affidavits read in opposition to this motion, that the allowance for alimony thus made was paid, and that the parties have lived separately since.

I think it is clear that the defendant cannot make any claim against her husband for support while that judgment remains in force, unless the new state of facts has deprived the judgment of its effect. The judgment being unreversed, I must hold that it was competent for the court to make an allowance in gross, and to declare, in connection with a judgment of separation, that it should be in full satisfaction for her support and of all alimony whatsoever.

If, then, this judgment, to which she was not only a party, but which was procured upon her application, deprives her of the right, as I think it does, to claim to be supported by her husband, does the fact that he is now seeking to annul the marriage contract, and that she has retorted upon him, entitle her to alimony ?

Alimony, whether in an action for a divorce or for a separation, cannot be claimed as a *right*. It is wholly discretionary with the court. (*Jones* agt. *Jones*, 2 *Barb. S. C.* 146.) And where the parties have agreed to live apart, and provision has been made by the husband for the support of the wife—whether adequate or not is immaterial— .the wife has no longer any claim upon her husband.

In this case the defendant stands in no better attitude, certainly, than if she was plaintiff. She seeks to obtain the same relief, and, upon competent proof, will be entitled to the same relief as if she was the prosecutrix in the action. Could she, then, if plaintiff, with a judgment in force absolving her husband from all future liability for her support, obtain alimony in the action ? I think not. If, being his wife, but lawfully separated from him, she had no claim for maintenance, would the fact that she sought for and might be divorced from the chains of matrimony,

whereby she would cease to be his wife, revive or establish her claim to support? I cannot discover any principle upon which it would. Nor are her rights enlarged by reason of her being the defendant in the action. Her support has been provided for in an unrevoked judgment; whether sufficiently, it is not for me to inquire; and it seems to me that the defendant, after having received the amount awarded to her, cannot, without making restitution, appeal to the favor of the court for a further allowance. (*Rose* agt. *Rose*, 11 *Paige*, 166.)

This view, however, does not deprive the defendant of the right to a reasonable allowance to enable her to conduct her defence to the plaintiff's action. This amount must be determined in reference to the pecuniary means of the plaintiff. The proofs before me do not disclose that he has anything more than suffices for the support of himself and son, who is dependent upon him; but as he has called his wife into court, and as she has a right to defend herself against the attack, and is without means to employ counsel, he must pay her twenty-five dollars.

The defendant is at liberty, upon making restitution of what she has received, or offering to, to renew her motion for temporary alimony, and also for a further counsel fee.