SOPHRONIA CARPENTER, Respondent, *v.* MIRANDA A. OSBORN, Impleaded, etc., Appellant.

Plaintiff and defendant C., her husband, entered into an agreement for a separation, by which he agreed to pay to her certain sums quarterly during her life, which sums she agreed to accept in full discharge of all claims upon him or his property. Plaintiff brought several actions against C. for non-performance of the agreement, and recovered judgments therein. In said actions the question as to the validity of the contract and the status of plaintiff as a creditor of C. was litigated. In an action brought to set aside conveyances of his real estate, made by C. to the other defendants as in fraud of his creditors, *held,* that said judgments were, in the absence of proof of fraud in their procurement, conclusive upon the questions so decided therein not only against C., but the other defendants, and they could not be litigated in this action.

After the rendition of the judgments, plaintiff procured a decree for an absolute divorce from her husband for adultery. The decree made no provision for her support. *Held,* that such an annulment of the marriage affected neither the judgments nor the obligations of the contract.

By the separation agreement, plaintiff agreed to execute releases of her dower right in her husband's real estate, and in case of refusal so to do within ten days after request, it was provided that all her rights to payments under the contract should be forfeited. She joined in the several conveyances sought to be set aside, but without knowledge of the fraudulent purpose. *Held,* that she was not estopped thereby from questioning their validity.

By the judgment a recovery was had for several installments due plaintiff under the contract, but not in judgment when this action was commenced and a lien therefor upon the land in question was declared. *Held,* that the court having acquired jurisdiction, had authority to render judgments against C. for such amounts as were not already in judgment, but that the rule which precludes a court of equity from entertaining jurisdiction of an action to set aside a fraudulent conveyance at the suit of a simple contract creditor rendered the judgment erroneous so far as it declared such a debt a lien upon the property.

*It seems,* however, that the rendition of the judgment against C. for the amount unpaid, so far as the parties to this action are concerned, placed plaintiff in a position to enforce it hereafter against the real estate in question.

(Submitted April 27, 1886; decided June 1, 1886.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order

made January 22, 1884, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.

This action was brought by plaintiff, as a judgment creditor of John Carpenter, to set aside certain conveyances executed by him to the other defendant as fraudulent against creditors.

The material facts are stated in the opinion.

*J. McGuire* for appellant. A contract or agreement between husband and wife, to live separate and apart, the wife agreeing to support and maintain herself, and the husband contracting *inter sese* to pay her a sum of money therefor, is wholly void and incapable of enforcement, either at law or in equity. (*Rogers* v. *Rogers*, 4 Paige, 516; *Florentine* v. *Wilson*, Hill & Den. 303; *Cropsey* v. *McKinney*, 30 Barb. 47; *Morgan* v. *Potter*, 17 Hun, 403; *Dupri* v. *Rein*, 56 How. 231; *Beach* v. *Beach*, 2 Hill, 264; *Van Order* v. *Van Order*, 8 Hun, 315; *St. John* v. *St. John*, 11 Ves. 531; *Legrand* v. *Thompson*, 3 id. 358; Tiff. & Bull. on Trusts, etc., 692.) A post-nuptial contract of separation, made with the intervention of a trustee, will be upheld and enforced in equity, not as a contract of the wife, but that of the husband and the intervening trustee, the wife signing merely to indicate her assent. (*St. John* v. *St. John*, 11 Ves. 531; *Legrand* v. *Thompson*, 3 id. 358; *Head* v. *Head*, 3 Atk. 295; *Rogers* v. *Rogers*, 4 Paige, 516; *Calkins* v. *Long*, 22 Barb. 103.) It is competent and admissible for husband and wife, through the medium of a trustee, to make articles of separation, by which the husband makes provision for the support of the wife, by allowance or otherwise, and a court of equity will, at the instance of the trustee, for the benefit of the wife, enforce such provisions or any securities which might by the husband have been given, and will give him a right of action against the trustee for any breach of the contract by the wife. (*Bunn* v. *Vaughan*, 5 Abb. [N. S.] 269; 3 Keyes, 345; *Calkins* v. *Long*, 22 Barb. 97.) There are contracts, agreements or understandings between husband and wife which courts of equity

will recognize and compel their execution, but such agreements are not those of separation, nor do they in any wise relate to such a subject. (*Garlock* v. *Strong*, 3 Paige, 440 ; *Simar* v. *Canaday*, 53 N. Y. 298 ; *Foster* v. *Foster*, 5 Hun, 557.) The statutes removing the disabilities of married women have not changed or altered her common-law · status in respect to her making a contract of separation. (*Shultz* v. *Shultz*, 89 N. Y. 644; *Bertles* v. *Nunan*, 92 id. 153 ; *Fairlee* v. *Bloomingdale*, 14 Abb. N. C. 341 ; *Perkins* v. *Perkins*, 62 Barb. 531 ; *Barron* v. *Barron*, 24 Vt. 375 ; *Baker* v. *Barney*, 8 Johns. 72.) The law, for reasons of public policy, condemns separations between husbands and wives and only approves of them in cases of conjugal infidelity, or where the cruelty or inhuman conduct of the husband renders it unsafe to the wife to reside with him. (*Noe* v. *Noe*, 13 How. 456.) Such an agreement, made between husband and wife alone, is void at law and equity. (*Morgan* v. *Potter*, 17 Hun, 403 ; *Cropsey* v. *McKinney*, 30 Barb. 47.) Her agreement for release of dower is void. (*Winans* v. *Peebles*, 32 N. Y. 423 ; *Guidet* v. *Brown*, 54 How. 409 ; *Townsend* v. *Townsend*, 2 Sandf. Ch. 711 ; *Carson* v. *Murray*, 3 Paige, 483 ; *Day* v. *West*, 3 Edw. Ch. 592.) Nor do the acts of 1848 and 1849 authorize her to release her inchoate right of dower to the husband. (*Graham* v. *Van Wyck*, 14 Barb. 531 ; *Perkins* v. *Perkins*, 62 id. 531.) The divorce put an end to the obligation of the defendant John to support the plaintiff other than as the judgment itself may have provided and terminated the marriage relation between them. (*Camp* v. *Camp*, 50 N. Y. 212 ; *McQuien* v. *McQuien*, 61 How. 280 ; 63 id. 194.) The contract for a separation must be deemed to be superseded by the judgment of the court in the action for a divorce. (*Squires* v. *Squires*, 53 Vt. 208 : *Skillher* v. *Gregory*, 2 Wend. 422.)

*Frederick Hatch* for respondent. The admission of the making and execution of the contract in the appellant's answer sets at rest all question as to its validity. (Code of Civ. Pro., § 522 ; *Dunham* v. *Cudlipp*, 94 N. Y. 130, 134.) The judg-

ments are not only *res adjudicata* as to their own validity, but as the undisputed evidence establishes the fact that they were obtained upon successive installments due by the terms of the contract, they are conclusive between the parties and their privies as to the validity of the contract upon which the judgments were obtained. (*Jordan* v. *Van Epps*, 85 N. Y. 427; *Patrick* v. *Shaffer*, 94 id. 423, 430.) Both the contract being valid as to John Carpenter, and the judgments being conclu sive as to him, no fraud being claimed or shown, these questions were conclusive in this action as to the appellant. (*Burgess* v. *Simonson*, 45 N. Y. 225, 227, 229.) The contract being one in reference to plaintiff's separate estate, was one which the legislature authorized her to make with the like effect in all respects as if she were unmarried. (Laws of 1862, chap. 173; *Cashman* v. *Henry*, 75 N. Y. 103.) The contract was founded upon a good and sufficient consideration. (*Thompson* v. *Attfield*, 1 Vern. 40; *Minturn* v. *Seymour*, 4 Johns. Ch. 498; *Hayes* v. *Kershen*, 1 Sandf. Ch. 261; *Shepherd* v. *Shepherd*, 7 Johns. Ch. 57, 59; 2 Kent's Com. 162, 163-4-6; *Jackson* v. *Guernsey*, 16 Johns. 189; *Osborne* v. *Mass*, 7 id. 161; *Vilas* v. *Beaumont*, 1 Vern. 100; *Garlick* v. *Strong*, 3 Paige, 452; 20 Hun, 206; 5 Paige, 165; 24 N. Y. 620, 631; 14 Hun, 276; 11 id. 224-5; 5 id. 557; 1 Bright's Husband and Wife, 29, 33.) As a contract between husband and wife not in contemplation of a *future* separation (and thus against public policy), but entered into after a separation had actually taken place, and to provide suitably for the wife, it is one the provisions of which a court of equity will enforce. (*Carson* v. *Murray*, 3 Paige, 483, 501; *Magee* v. *Magee*, 67 Barb. 487-490; *Walker* v. *Walker*, 9 Wall. [U. S.] 743; *Fox* v. *Davis*, 13 Mass. 225; 13 Am. Rep. 476; *Calkins* v. *Long*, 22 Barb. 97.) The intervention of a trustee was not essential. Ample consideration moving from, and release of rights by the wife herself, supported the promise of the husband without the indemnity furnished by the covenant of a trustee. (Story's Eq. Jur., §§ 1373, 1380, 1395; *Sexton* v. *Wheaton*, 8 Wheat. [U. S.] 229; 2 Kent's Com. 162, 163.) As an executed contract it

cannot be repudiated by the party who has reaped its benefits. (*Emmet* v. *Reed*, 8 N. Y. 312.) The appellant cannot invoke the aid of the principle of equitable estoppel. (*Welland Canal Co.* v. *Hathaway*, 8 Wend. 480, 483 ; *Green* v. *Russell*, 5 Hill, 183 ; *Griffith* v. *Bucher*, 10 Barb. 432 ; *Andrews* v. *Ætna Ins. Co.*, 85 N. Y. 343, 344 ; 5 Denio, 154 ; 3 Hill, 225.) The judgment of divorce granted December 8, 1881, is not a bar to the plaintiff's recovery of installments accruing since the decree, and due before the commencement of this action, upon which installments relief was granted herein. (*Blake* v. *Cooper*, 7 Serg. & Rawle, 500 ; *Carson* v. *Murray*, 3 Paige, 483, 488 ; *Nichols* v. *Palmer*, 5 Day, 47.) As the complaint presented a case of equitable cognizance, and the court thus obtained jurisdiction of the subject-matter and of the parties, it was according to the usual practice to give redress according to the circumstances of the case. (*Phillips* v. *Thompson*, 1 Johns. Ch. 131 ; *Herrington* v. *Robertson*, 71 N. Y. 280 ; *Mad. Ave. B. Ch.* v. *Oliver St. B. Ch.*, 73 N. Y. 83 ; 24 id. 40 ; 38 id. 137 ; 43 id. 578.) The lien of the plaintiff became absolute from the commencement of the action, and the plaintiff was entitled in this action to all the relief consistent with the case made by the evidence. (*Murtha* v. *Curley*, 90 N. Y. 372 ; *Boynton* v. *Rawson*, 1 Clark, 584 ; *Corning* v. *White*, 2 Paige, 568 ; *Weed* v. *Small*, 3 Sandf. Ch. 275.)

RUGER, Ch. J. The plaintiff recovered five successive judgments in justice's court against the defendant John Carpenter, for about $30 each, on October 14, 1879, January 9, 1880, May 7, 1880, July 14, 1880, and November 13, 1880, respectively. The judgments of January ninth and May seventh, were both appealed from, to the County Court, and on April, 26, 1881, were, after a retrial of the actions, affirmed by that court, and judgments of affirmance were regularly entered. Each of these actions was brought to recover an installment of interest alleged to be due to the plaintiff, from John Carpenter upon a written instrument dated January 11, 1873, and executed

under the hands, and seals, of the plaintiff and John Carpenter. It recited that theretofore the said John Carpenter had executed a mortgage for $1,700, to M. J. Robinson, to be applied to the support of Sophronia Carpenter, his wife, and in consideration thereof and of $300 in cash then paid to said Robinson, she had agreed to support herself and live separate and apart from her husband during her natural life, and receive said sum in full discharge of all claims upon John Carpenter or upon his property, either real or personal, and would execute releases of her dower right in his real estate, and would refrain from incurring debts, for which said John should be liable; and that as the said Sophronia preferred that said mortgage should be discharged and said John's obligation in writing be substituted therefor it was agreed that the same be done, and " in consideration of the premises said John Carpenter hereby agrees to and with said Sophronia Carpenter that he will pay to her $26.25, January 1, 1873, and $26.71, April 1, 1873, and $27.17 July 1, 1873, and $27.63 October 1, 1873, and like sums on each and every first day of January, April, July, and October for and during the term of her natural life," and pay the said principal sum to her heirs upon her decease. The said Sophronia also renewed the several covenants and agreements, hereinbefore recited, and agreed that in case she should refuse for ten days after request therefor, to execute releases of her dower right, in said Carpenter's real estate that all her rights to the payment of interest as provided for, should be forfeited. Upon the trial of the several actions referred to the validity of this agreement and the status of Sophronia Carpenter as a creditor of John Carpenter, was litigated between the parties thereto, and was in each of said actions determined in her favor.

The judgments rendered in these actions were, in the absence of proof of fraud in their procurement, conclusive evidence not only as against John Carpenter, but also as to all other persons of the several questions of fact and law material to the issues tried which were thereby determined. (*Candee* v. *Lord*, 2 N. Y. 269, 274; *Hall* v. *Stryker*, 27 id. 596, 603; *Burgess* v. *Simonson*, 45 id. 225, 227.)

The defendants, acquired title to the real estate in question from John Carpenter, and necessarily took it at the risk of any incapacity in him to convey a good title, and so far as that was affected by the rights of existing creditors, his fraudulent grantees were equally bound by such legal adjudications, as might be made against him in respect thereto, as John Carpenter himself. (*Candee* v. *Lord, supra ; Rogers* v. *Rogers*, 3 Paige, 379; *Shufelt* v. *Shufelt*, 9 id. 137; *French* v. *Shortwell*, 6 Johns. Ch. 234; *Raymond* v. *Richmond*, 78 N. Y. 351, 354; Bigelow on Estoppel, 102; *Voorhees* v. *Seymour*, 26 Barb. 585.) It did not, therefore, lie open to any of the defendants upon the trial of this action to contest the validity of such agreement, or the liability of John Carpenter as a judgment debtor thereon, or the legal competency of husband and wife to contract with each other, for those questions were *res adjudicata* and placed beyond the power of retrial.

This present action was founded upon the last four judgments described, and was brought for the purpose of setting aside certain transfers of real property made by the defendant, John Carpenter, to the other defendants, as being fraudulent and void as against his creditors. To entitle the plaintiff to maintain such an action, it was essential that she should establish her character as a judgment creditor of the fraudulent grantor, and the fact that the conveyances challenged as fraudulent were so in fact, and stood in the way of the collection of her judgment. (*Adsit* v. *Butler*, 87 N. Y. 585; § 1891, Code of Civ. Pro.; 2 R. S., § 175, pt. 2, chap. 1, tit. 2, § 38.) The production and proof of a judgment in her favor, for a sum of money against the debtor, rendered by a court of competent jurisdiction, was, if not impeached for fraud, conclusive evidence in such an action of her character as such creditor. To establish the issue on her part in this action, the plaintiff put in evidence the respective judgment-rolls in the several actions above referred to, and the several executions issued thereon, each of which were severally duly returned unsatisfied. She also proved the written agreement above referred to and gave evidence tending to show that the several conveyances assailed

were voluntarily made by her husband, with intent to defraud his creditors, and that the several grantees therein had knowledge of such intent and participated therein. The evidence, we think, sustained the conclusions of fact found by the trial court, which rendered judgment for the plaintiff, and it does not appear to us that any error of law was committed by that court which requires a reversal of such judgment.

The principal questions presented by the appellants' counsel upon the argument before us, related to the invalidity of the separation agreement of January, 1873, and the incompetency of husband and wife, to thus contract with each other. Since we have held that the defendants are precluded from raising those questions in this action, the further discussion of them would be unprofitable and unnecessary. It may, however, not be improper for us to say that we should be quite unwilling to yield our assent to the appellant's contention in respect thereto, even if we considered ourselves at liberty to enter into the consideration of the question.

Some other questions, however, were raised in the case which will be briefly noticed.

The evidence showed that in December, 1881, the plaintiff procured a decree for an absolute divorce from her husband for adultery, and that the judgment in such action made no provision for her support from his property. It is claimed by the defendants that marriage was the gravamen of the separation agreement, and that its annulment by the decree, necessarily subverted and destroyed the obligations of the contract. It is quite obvious that this proposition, if generally correct, would not affect the validity of judgments, for lawful debts already obtained, and standing unpaid and unreversed, when such decree was obtained. But we are also of the opinion that there is nothing in the terms or character of the agreement referred to, which authorized John Carpenter to commit adultery, or to violate with impunity the obligations of his marriage contract, without incurring the penalty, which the law imposes upon an offending party, for such misconduct. There is no express or implied condition in the contract, that the plaintiff should con-

tinue to remain the wife of John Carpenter, but the obligation to pay interest was to continue unconditionally during her natural life. The contract looked toward a separation, and not to a union of the parties; and a lawful separation, if produced without the misconduct of the wife, could not affect her pecuniary claims, if secured by legal obligations. The right of the wife to dower in the lands of her husband, or to an allowance by way of alimony out of his estate, could not be impaired by a divorce, granted for his misconduct; and the existence of an agreement whereby her future support by him, was secured by a lawful obligation, would afford a good reason why, in equity, her claims upon his property, should not be provided for in the decree in divorce. The absence of such a provision seems to confirm rather than destroy the provisions of the contract, and looks to its expected continuance as a just and proper provision for the wife. (*Blake* v. *Cooper*, 7 Serg. & Rawle, 500.)

It is further claimed, that the plaintiff is estopped from questioning the validity of the several conveyances from John Carpenter to the other defendants, because she joined with him in their execution. It was found by the trial court that these conveyances were executed by John Carpenter, and received by the defendants for the purpose of defrauding the plaintiff, and without knowledge on her part of such fraudulent purpose. The claim made that Carpenter could, under his contract with his wife, require her to execute deeds, releasing her dower in all his lands, under the penalty of forfeiting all of her rights thereunder in case of refusal, and yet require her to execute such conveyances as should forever disable him from performing the obligations to her, which formed the only consideration for her agreement, is too absurd for serious consideration. The proposition is elementary that fraud vitiates all contracts, and a construction of an agreement which would hold an innocent party to his contract, and still authorize the other to defeat his obligation by his own fraud, is unsupported by any rule with which we are familiar. The only ground for such a claim would be that of estoppel, and that is untenable when all of the parties to the act except the plaintiff were cognizant

of all of the facts relating to the transaction, and were not deceived or misled by the plaintiff's action. They were all active participants in the fraud practiced upon the plaintiff, and are not justified in asserting any rights secured thereunder as against the defrauded party.

In our view, the only serious question in the case relates to the additional relief granted by the court below, rendering judgment against Carpenter, in declaring a lien upon the land in question, for the several installments due, but not in judgment when the action was commenced. We are, however, of the opinion that the court, having acquired jurisdiction to decree such conveyances fraudulent and void, as to judgments previously recovered, was authorized to grant such further relief within the scope and meaning of the issues made, as the parties might be equitably entitled to, in connection with the transaction under investigation. No question was raised on the trial but that the proper parties were before the court, or that different causes of action were improperly united in the same complaint which required different modes of trial; but the sole question was whether the court had jurisdiction to render the judgment appealed from. The rule relating to the subject is comprehensively stated by the author of the most recent work on Equity Jurisprudence as follows: If " the controversy contains any equitable features, or requires any purely equitable relief which would belong to the exclusive jurisdiction, or involves any matter pertaining to the concurrent jurisdiction, by means of which a court of equity would acquire, as it were, a partial cognizance of it, the court may go on to a complete adjudication, and may thus establish purely legal rights and grant legal remedies which would otherwise be beyond the scope of its authority." (Pomeroy's Eq. Jur., § 181 ; *Rathbone* v. *Warren*, 10 Johns. 586, 596; *Hawley* v. *Cramer*, 4 Cow. 717 ; *Crane* v. *Bunnell*, 10 Paige, 333 ; *Bradley* v. *Bosley*, 1 Barb. Ch. 152.) This principle has been applied in many cases, in awarding judgment for pecuniary damages, even when the party had an adequate remedy at law, if the damages were connected with a transaction over which the courts had jurisdiction for any pur-

pose, although for the purpose of collecting damages merely, they would not have had jurisdiction. (*Bradley* v. *Bosley*, supra ; *Clark* v. *White*, 12 Pet. 188 ; *Franklin Ins. Co.* v. *Mc-Crea*, 4 Green [Iowa], 229 ; *Brooks* v. *Stalley*, 3 McLean, 523.) The court below had unquestionable jurisdiction to award relief against the conveyances in question, as to judgments recovered, and although not entitled to award such relief as to claims not in judgment, it still had power to grant any other relief to which the party was legally entitled, although it might result in consequences, similar to those afforded by a decree declaring a lien. The legal effect of the decree setting aside the conveyances, was to vacate and annul the title conveyed by John Carpenter to the several grantees named in his deeds, so far as it stood in the way of the collection of the plaintiff's judgment, and as against the parties to this action, of any other claim arising out of the same transaction, which should be thereafter lawfully put in judgment. The plaintiff's complaint alleged that several installments, aside from those in judgment, were then due and unpaid upon the separation agreement, and asked that the same be declared a lien upon the said real estate, and that the property be sold, and such installments be paid from the proceeds of such sale. The fair import of this demand was to entitle the plaintiff, to so much of the relief demanded as was within the power of the court to grant, and if the rendition of a money judgment, for such installments was necessary to confer the relief sought, the court had undoubted authority under the prayer for relief, to order such a judgment. The proof of the separation agreement, and the recovery of previous judgments thereon, constituted conclusive evidence of the rights of the plaintiff, as a creditor of John Carpenter under such agreement, for the amount appearing to be due and unpaid thereon, and authorized the court to render judgment against John Carpenter, for such amounts as were not already in judgment. The rule which precludes a court of equity, from entertaining jurisdiction of an action, to set aside a fraudulent conveyance at the suit of a simple contract creditor would seem to render the judgment appealed from erroneous, so far as it

declares such a debt a lien upon the property in question; yet the rendition of a pecuniary judgment therefor, in this action is authorized, and would seem so far as the parties to this action were concerned, to place the plaintiff in a position to enforce it hereafter against such real estate, by appropriate proceedings therefor. These views lead to a modification of the judgment by striking out so much thereof as declared it a lien upon the real estate for the installments not previously in judgment, and to an affirmance of its other provisions.

The judgment, therefore, should be modified in that respect, and as modified, affirmed with costs to the plaintiff.

All concur.

Judgment accordingly.