BYRNES v. BYRNES.

(Supreme Court, Appellate Division, First Department. June 5, 1908.)

1. APPEAL AND ERROR—RECORD—MATTERS NOT APPARENT OF RECORD—EVIDENCE—PRESUMPTIONS.

Where there is no statement in the record as to the age of plaintiff as to whether or not she was of full age at the time of the commencement of an action, the court can indulge in no presumption that she was an infant.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3673–3678.]

2. DIVORCE—ACTION FOR SEPARATION—JUDGMENT—EFFECT.

Code Civ. Proc. § 1762, provides that in certain cases an action may be maintained to procure a judgment separating a husband and wife from bed and board forever, or for a limited period. Section 1766 provides that, where the action is brought by the wife, the court may in its final judgment give such directions as the nature of the case requires. Section 1770 provides that in such action defendant may interpose a counterclaim for divorce or separation. Section 1771 provides that the court must give, either by final judgment, or by one or more orders made from time to time before final judgment, such directions as justice requires relating to the children of the marriage, and, where the action is by the wife, for the support of plaintiff. Held that, where a judgment of separation was rendered in favor of a husband on his counterclaim, the court could not in any subsequent action for divorce by the wife give a judgment in her favor for alimony.

3. SAME—ALIMONY—JUDGMENT.

In divorce proceedings, it is the better practice that an interlocutory judgment should contain a provision for alimony, and all the questions between the parties be then determined, so that the final judgment can simply make the interlocutory judgment final.

Appeal from Trial Term.

Action by Rose H. Byrnes against Martin P. Byrnes. From so much of the judgment as awards alimony to plaintiff, defendant appeals. Modified and affirmed.

See 109 App. Div. 535, 96 N. Y. Supp. 306.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Frederick Durgan, for appellant.
Jonathan Deyo, for respondent.

INGRAHAM, J. This action was commenced for an absolute divorce on the ground of adultery. The answer admits the marriage and the residence of the defendant, denies the other allegations of the complaint, and, as a separate and partial defense, alleges that prior to the commencement of this action the plaintiff commenced an action in the Supreme Court of the state of New York asking for a separation from the defendant; that in such action the defendant duly interposed an answer which set up a counterclaim, asking that the defendant have judgment against the plaintiff for a separation. That action was tried before a referee, who filed his report directing judgment against the plaintiff and in favor of the defendant, separating the plaintiff from the defendant as to bed and board. Upon this report judgment was duly entered by the court, separating the plaintiff from the defendant as to bed and board forever, and the answer in this action insists that that judgment was a final adjudication and determination that the defendant during the lifetime of the parties to the action should be absolved, released, and discharged from any and all liability of any kind, name, or nature for the support or maintenance of the plaintiff. The issues in this action were referred to a referee to hear and determine, who filed his report, finding the defendant guilty of adultery charged in the complaint, finding the entry of the judgment in favor of the defendant and against the plaintiff upon the counterclaim interposed by the defendant in the action set up in the defendant's answer, which adjudged that the defendant be separated from bed and board of the plaintiff forever, that such judgment has not been reversed, vacated, or modified, but at the time of the trial of the action was in full force and effect, and that plaintiff was entitled to judgment dissolving the marriage. An interlocutory judgment was then entered directing a dissolution of the marriage and containing the usual provision that final judgment could be entered three months after the filing of the referee's report, but contained no provision as to alimony. Subsequently, at the expiration of the three months, final judgment was entered in accordance with the interlocutory judgment, but in which there was inserted a provision requiring the defendant to pay the plaintiff alimony at the rate of $8 per week, and awarding costs to the plaintiff. The judgment roll in the action for a separation was introduced on the trial of this action. It was entered January 16, 1906, and recited that the action was referred to a referee to hear and determine; that the parties appeared before the referee; that the referee had made and filed his report; that the defendant had made a motion for the confirmation of such report and for final judgment; that a judgment theretofore entered in the action on the 13th of November, 1903, had been vacated by an order entered on the 17th of May, 1905, certain affidavits of the plaintiff and others verified the 6th of April, 1905, a transcript of a certificate of baptism of the plaintiff, dated the 6th of April, 1905, and it was, on motion of the attorney for the defendant, ordered that the report of the referee be confirmed, that the complaint of the plaintiff be dismissed, and further ordered, adjudged, and decreed that the counterclaim of the defendant be sustained, that the defendant, Martin P. Byrnes, be separated from the plaintiff, Rose H. Byrnes, forever as to bed and

board, and that an order for temporary alimony be. vacated. There is no other statement in the record as to the age of the plaintiff, or as to whether or not she was of full age at the time of the commencement of either of these actions, and the court on this appeal can indulge in no presumption that the plaintiff was an infant at the time either the first or second action was commenced, but the proceedings, being regular on their face, must be given their ordinary legal effect. The question therefore presented is whether the judgment separating the husband from the wife is a conclusive adjudication as to the obligation of the husband for his wife's further support or maintenance.

An action for a separation is regulated by sections 1762 to 1767, inclusive, of the Code of Civil Procedure. Section 1762 provides that in certain cases specified an action may be maintained by the husband or wife against the other party to the marriage to procure a judgment separating the parties from bed and board forever or for a limited period. Section 1766 provides that, where the action is brought by the wife, the court may in its final judgment of separation give such directions as the nature and circumstances of the case require. It may compel the defendant to provide suitably for the education and maintenance of the children of the marriage, and for the support of the plaintiff as justice requires, having regard to the circumstances of the respective parties. Section 1770 provides that, where an action is brought by either the husband or wife for a divorce or separation, a cause of action against the plaintiff and in favor of the defendant for either a divorce or separation may be interposed in connection with a denial of the material allegations of the complaint as a counterclaim. Section 1771 provides that, where an action is brought by either husband or wife for a divorce or a separation, the court must give, either in the final judgment or by one or more orders made from time to time before final judgment, such directions as justice requires for the custody, care, education, and maintenance of the children of the marriage, and, where the action is brought by the wife, for the support of the plaintiff.

There can be no question but that the rights and obligations of the parties in relation to the marriage were determined by the judgment which separated the defendant from the plaintiff as to bed and board forever. Such a judgment of separation is entirely inconsistent with the continuance of an obligation of the husband to support the wife, and ends the obligation assumed by the husband upon the marriage to support his wife. While the marriage was not annulled, the mutual obligations of the parties to the marriage on the part of the wife to live with her husband, and correspondingly on the part of the husband to live with or support his wife, were determined. The parties were legally separated, and the reciprocal obligations of the husband and wife of consort and support were terminated. There was, therefore, a valid adjudication that thereafter the wife was under no obligation to live with the husband, and the husband was under no further obligation to support his wife. So long as that judgment remained in full force and effect, the court could not in any subsequent action enforce an obligation to support which had been determined by the adjudication between the parties. The subsequent commission

of adultery by the husband, while giving to the wife a right to a judgment dissolving the marriage, did not in any way revive the obligation of the husband to support the wife either before or after the judgment. In Galusha v. Galusha, 116 N. Y. 642, 22 N. E. 1114, 6 L. R. A. 487, 15 Am. St. Rep. 453, the parties had by articles of separation made provision for the support of the wife, in consideration of which she forever released and discharged the defendant from any right of support from him. Subsequently the wife commenced an action for an absolute divorce upon the ground of adultery and sought to recover alimony; but it was held that the separation agreement was a bar to the recovery of any alimony so long as that agreement remained in full force and effect. In determining that question, the court said:

"Because of the marriage relation the husband was bound to support his wife. This legal obligation constituted the basis for a settlement of their affairs, and the making of an agreement by which it should be definitely determined how much he should be obliged to contribute and she entitled to receive from him for her support. After its making, it was not in the power of either party, acting alone and against the will of the other, to do an act which would destroy or affect that contract. The act of adultery did not of itself subvert the marriage contract. * * * The wrongful act of the husband, then, did not of itself avoid even the marriage contract. Much less was it potent to affect a contract founded, not upon a promise to faithfully observe the marriage vows, but instead upon a legal obligation to support and maintain the wife. Neither did the act of the wife in availing herself of the husband's wrong to free herself from matrimonial bonds affect the separation agreement."

The question here involved was presented to the Special Term of the New York Superior Court in McDonough v. McDonough, 26 How. Prac. 193, where it was held that the prior judgment which awarded a separation and determined the amount of support for which the husband was responsible, was conclusive upon the parties, and that after that judgment had been complied with no further claim could be made against a husband for alimony in a subsequent action. The same principle was applied by Mr. Justice Houghton in Taylor v. Taylor, 32 Misc. Rep. 312, 66 N. Y. Supp. 561. See, also, Waring v. Waring, 100 N. Y. 570, 3 N. E. 289. And this is the rule in England. Holt v. Holt, 28 L. J. Rep. Mat. Cas. p. 12.

It is insisted by the defendant that, as there was no provision for alimony in the interlocutory judgment, the court had no power to insert such a provision in the final judgment. It is not necessary to determine that question, but we think it better practice that an interlocutory judgment should contain a provision for alimony, and all the questions between the parties shall be then determined so that the final judgment can simply make the interlocutory judgment final.

The judgment appealed from must therefore be modified by striking out the provision as to alimony, and, as modified, affirmed. All concur.