## BURTON v. BURTON.

(Supreme Court, Appellate Division, Second Department.  May 1, 1912.)

1. DIVORCE (§ 245*)—INTERLOCUTORY DECREE—MODIFICATION OF PRIOR JUDGMENT OF SEPARATION.

An interlocutory decree in favor of a husband suing for an absolute divorce on the ground of the misconduct of the wife, who had previously obtained a judgment of separation containing a provision for her maintenance, may not provide that the husband need not pay any sum for the support of the wife by virtue of any judgment, and thereby modify the judgment in the separation action without changing the status of the parties, which is not changed until final decree for divorce.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 691–695; Dec. Dig. § 245.*]

2. DIVORCE (§ 245*)—ACTIONS FOR SEPARATION—JUDGMENT—MODIFICATION—POWER OF COURT.

Under Code Civ. Proc. § 1771, authorizing the court on the application to modify a judgment for separation containing a provision for the maintenance of the wife, a husband may apply directly for a modification of the provisions of the judgment.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 691–695; Dec. Dig. § 245.*]

3. DIVORCE (§ 246*)—JUDGMENT FOR SEPARATION WITH MAINTENANCE OF WIFE—OBLIGATIONS OF WIFE.

A wife who has obtained a judgment for separation with provisions for her maintenance may not, when living apart from her husband, commit adultery without endangering the provision for her maintenance, which rests on the existence of her status as wife.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 696; Dec. Dig. § 246.*]

Appeal from Special Term, Kings County.

Action by Lenox Burton against Millicent Burton.  From a judgment for plaintiff, defendant appeals.  Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

William Adams Robinson, of Brooklyn, for appellant.
Thomas E. O'Brien, of New York City, for respondent.

JENKS, P. J.  In this action for an absolute divorce an interlocutory decree was entered in favor of the plaintiff for the adultery of his wife, the defendant.  Thereby it was ordered that the plaintiff "shall not be compelled to pay any further sums as alimony for the support of the defendant by virtue of any judgment of this court heretofore made."  The appeal is from this provision.

[1] The issue tendered is limited to adultery, but by stipulation it appears that "the judgment" referred to was obtained heretofore in this state by this defendant against this plaintiff for separation, and that said judgment made provision for maintenance of the wife.  The interlocutory judgment in this case did not dissolve the marriage (Matter of Crandall, 196 N. Y. 127, 89 N. E. 578, 134 Am. St. Rep. 830, 17 Ann. Cas. 874), and did not affect the defendant in her status as a wife or as to her marital property rights (Chase v. Webster, 168

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Mass. 228, 46 N. E. 705; American Legion of Honor v. Smith, 45 N. J. Eq. 466, 17 Atl. 770; Norman v. Villars, 2 L. R. Exc. Div. 359). But this interlocutory judgment in itself would indirectly modify an existing judgment, presumably in full force, in a different cause of action between the same parties in respect to a matter directly adjudicated therein, although the status of the parties remained unchanged. I am of opinion that this could not be done. See Byrnes v. Byrnes, 126 App. Div. 619, 111 N. Y. Supp. 72, and cases cited. If the case shall come to final judgment in favor of the plaintiff, then the judgment in the separation suit could not hamper the court, for the reason that by such final judgment the status of the defendant as a wife is destroyed. Tonjes v. Tonjes, 14 App. Div. 542, 43 N. Y. Supp. 941; American Legion of Honor v. Smith, supra.

[2] The husband could have applied directly for modification of the provisions of a judgment which rested upon the mutual obligations of husband and wife. Tonjes v. Tonjes, supra; section 1771, Code of Civil Procedure.

[3] Of course, the language of the court in People ex rel. Com'rs of Charities v. Cullen, 153 N. Y. 636, 47 N. E. 894, 44 L. R. A. 420, that, after a judgment of judicial separation, the wife "was no longer bound to perform any of the duties of a wife," is not to be strained to the implication that the wife when living apart could commit adultery without endangering a judicial provision for her maintenance, which rests upon the existence of her status as a wife. Forrest v. Forrest, 3 Bosw. 692 et seq. The rights of the parties arising out of the dissolution of the marriage, if the final judgment shall so provide, may be determined in the interlocutory judgment in contemplation of the final judgment, to become effective if such final judgment follow and when it is entered.

Inasmuch as the provision may be proper, but premature in form, the interlocutory judgment should be modified in accord with this opinion, and, as modified, affirmed, without costs. All concur.