## SHURMAN v. SHURMAN.

(Supreme Court, Special Term, New York County. July 17, 1914.)

1. HUSBAND AND WIFE (§ 280*)—SEPARATION AGREEMENT—EFFECT OF SUBSEQUENT DIVORCE.

A separation agreement, providing that the plaintiff wife should receive during the term of her natural life and while she remained defendant's wife a specified monthly sum, does not preclude the wife, upon procuring a divorce, from demanding different alimony; the agreement being limited to while she remained defendant's wife.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 1055; Dec. Dig. § 280.*]

2. DIVORCE (§ 239*)—PROCEEDINGS—ALIMONY.

A wife, who obtains an interlocutory decree for divorce, is entitled to have the amount of alimony fixed before the rendition of the final decree.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 673, 674, 683; Dec. Dig. § 239.*]

Action for divorce by Helga Olsen Shurman against Clifford Newhouse Shurman. Interlocutory decree for plaintiff.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

Marsh & Wever, of New York City (Charles Capron Marsh, of New York City, of counsel), for plaintiff.

Sidney S. Levine, of New York City, for defendant.

GIEGERICH, J. [1] In this action, brought by the plaintiff for an absolute divorce, the first question presented is whether a separation agreement heretofore made between the parties, and providing for fixed monthly payments to be made by the defendant to a trustee for the support and maintenance of the plaintiff, is to continue operative after the divorce, or whether that agreement will be terminated by the divorce. The determination of this question depends upon the language of the agreement, which is that the plaintiff "shall receive during the term of her natural life and while she remains his [the defendant's] wife" a specified sum monthly. It would seem plain from this language that the agreement continues in operation only so long as the coverture continues, and when the plaintiff ceases to be the wife of the defendant the agreement by its own terms expires.

The defendant's attorney relies upon Galusha v. Galusha, 116 N. Y. 635, 22 N. E. 1114, 6 L. R. A. 487, 15 Am. St. Rep. 453, where it was held that the separation agreement remained binding upon the parties, notwithstanding the fact that the wife subsequently obtained a divorce. The language employed in Galusha v. Galusha, 116 N. Y. at page 644, 22 N. E. 1116, 6 L. R. A. 487, 15 Am. St. Rep. 453, very clearly points out the distinction between that case and the present one. The court there said:

"No attempt was made to shorten the period of payment, should divorce or marriage thereafter result. It is written that the death of the wife shall constitute the event which shall terminate the agreement."

Here, on the contrary, the continuance of the agreement is dependent upon two events—either her death or her ceasing to be the defendant's wife is provided for as the event which shall terminate the agreement.

Carpenter v. Osborn, 102 N. Y. 552, 7 N. E. 823, is a case where the question as to whether the provisions of a separation agreement survived a divorce procured by the wife was made to turn on the same distinction. The court there said (102 N. Y. at page 559, 7 N. E. 825):

"There is no express or implied condition in the contract, that the plaintiff should continue to remain the wife of John Carpenter, but the obligation to pay interest was to continue unconditionally during her natural life."

[2] The other point that remains to be determined is whether the question of alimony should be gone into now, or postponed, as the attorney for the defendant claims it should be, until the entry of the final decree. I can see no reason why the question should not be determined now, in anticipation of the entry of final judgment. That is the ordinary practice, and I think the proper practice. It is a rare exception where the interlocutory judgment is not followed by a final judgment, and it would be imposing unnecessary hardship on wives if the question of the amount of alimony they will be entitled to receive after the entry of the final decree could not be gone into until

after that decree. The present case is covered by the language used in Burton v. Burton, 150 App. Div. 790, 135 N. Y. Supp. 248, namely:

"The rights of the parties arising out of the dissolution of the marriage, if the final judgment shall so provide, may be determined in the interlocutory judgment in contemplation of the final judgment to become effective if such final judgment follow and when it is entered."

A reference will therefore be ordered to take the evidence and report what amount the defendant should be directed to pay to the plaintiff monthly for her support in the form indicated in the plaintiff's proposed findings as modified by me. The plaintiff only has submitted requests to find. These, after considering the defendant's objections thereto, I have passed upon as indicated on the margins. Submit for my signature, upon five days' notice of presentation, a complete copy of the decision embodying all findings made by me, with proof of service on the other side.

As the answer does not deny any of the allegations of the complaint, but merely sets up as a defense to the claim for alimony the separation agreement above mentioned, the stenographer's minutes of the testimony, within the spirit of rule 72 of the general rules of practice, should be submitted when the decision is presented for my signature. If the parties deem it necessary, I will also sign an order of reference in the form provided by the decision. If the plaintiff's attorneys deem themselves entitled to a further counsel fee for the services remaining to be performed in the action, they should make an application for such allowance.