JULIUS H. BRAUNSTEIN, Also Known as JACK BRAUNSTEIN, Appellant, *v.* MINNA BRAUNSTEIN, Respondent.

First Department, June 2, 1939.

George F. Mattuck of counsel [Mattuck & Mattuck, attorneys], for the appellant.

Harold I. Cohen of counsel [Samuel Gottlieb with him on the brief; I. Gainsburg, attorney], for the respondent.

GLENNON, J. This is an action for an absolute divorce. It is alleged in the complaint that the defendant committed acts of adultery during the months of August, 1936, September and November, 1937; January, April and September, 1938, and on various dates thereafter.

The defendant in her answer denied each and every alleged act of adultery. She averred as a partial defense that on or about October 13, 1938, she instituted an action against the plaintiff, her husband, for a separation. He appeared in the action and commenced negotiations toward the making of an agreement of separation. " During said negotiations the plaintiff herein stated that unless an agreement of separation was entered into satisfactory to him, he would interpose an answer in the separation action containing a counterclaim for divorce, and would allege in such counterclaim that the defendant herein had committed adultery with the persons and at times prior to October 27, 1938, as is alleged herein in the plaintiff's complaint. That thereafter and on or about October 27, 1938, the plaintiff and defendant entered into an agreement of separation." It is further alleged that the action for separation was discontinued.

The plaintiff made a motion to strike out defendant's partial defense under rules 103 and 109 of the Rules of Civil Practice, on the ground that the matter therein contained was irrelevant and insufficient in law. The motion was denied. We are of the opinion that the court at Special Term should have granted the motion.

It seems to be the theory of the defendant that plaintiff waived his right to institute an action for absolute divorce based upon the acts which are alleged to have been committed prior thereto by entering into the separation agreement bearing date October 27, 1938. We can find nothing in the agreement to that effect. If

the parties had any such thought in mind, it should have been reduced to writing at the time and embodied in the instrument or at least in a separate one which could have been executed contemporaneously. Furthermore, it should be noted that paragraph 4 of the agreement reads as follows:

" 4. The parties further mutually covenant and agree:

" (a) That nothing in this agreement shall bar the institution by either party of an action for absolute divorce in any jurisdiction."

The defendant relies to a great extent upon paragraph 2 which reads as follows:

" 2. The husband on his part covenants and agrees:

" (a) To release, and he hereby does release the wife from all claims or demands of whatsoever nature, except the obligations assumed by her in this agreement."

Paragraph 3 is a covenant on the part of the wife in almost identical language. It is not asserted or claimed by the defendant that her husband was guilty of the commission of acts of adultery prior to the time the parties entered into the agreement. The language which was used in these two paragraphs undoubtedly referred to monetary obligations and ordinary property rights and so should be construed.

Since there is nothing in the separation agreement itself which indicates that the plaintiff condoned or forgave the defendant for the offenses which it is alleged she committed, the partial defense as pleaded is of no avail. An authority which sheds considerable light upon the subject under discussion is *Clark* v. *Fosdick* (118 N. Y. 7) wherein Judge POTTER said: " As we have seen the law sanctions agreements in certain circumstances between husbands and wives for separate living and providing the means for the support and maintenance of the wife and children through the medium of a trustee to receive and disburse the same. Such agreements take the place as far as they extend of the duties and obligations of the law in relation to husband and wife and their children. But they do not supersede or render inoperative other duties and obligations imposed by law upon husband and wife toward each other and toward their children. They are still husband and wife, but living apart from each other and bound to observe all the other marital duties resting upon them as husband and wife and parents, not provided for in the agreement of separation. Neither of them can marry nor commit adultery without incurring the consequences and the penalty prescribed by law to husbands and wives who commit those offenses. Hence we find numerous decisions of the courts in nearly all civilized countries, holding that either husband or wife may, notwithstanding the existence of such agreement between them,

maintain against the other the ordinary action for divorce, limited or absolute, according to the ground and the jurisdiction, and whether the ground therefor accrued before or after such agreement was entered into. The following authorities I think sustain the proposition. (Stewart on Mar. & Div., § 191; *Grant* v. *Budd*, 30 L. T. Rep. 319; *Charlesworth* v. *Holt*, 43 L. J. [N. S.] part 2, Exch. 25; *Wright* v. *Miller*, 1 Sand. Ch. 103; *Carpenter* v. *Osborn*, 102 N. Y. 559; *Pettit* v. *Pettit*, 107 id. 677; *Jee* v. *Thurlow*, 2 Barn. & Cress., 547; *Kremelberg* v. *Kremelberg*, 52 Maryland, 553.) ''

For the reasons assigned the order should be reversed, without costs, and the motion to strike out the matter pleaded as a partial defense granted.

MARTIN, P. J., O'MALLEY, COHN and CALLAHAN, JJ., concur.

Order unanimously reversed, without costs, and the motion to strike out the matter pleaded as a partial defense granted.