HIRAM SLOCUM, &c., RESPONDENTS, *v.* CHARLES H. BARRY, APPELLANT.

*Practice—Trustees—Express Trust—Liability for Costs—Order of Court.*

Where Plaintiffs sue as trustees of an express trust and are defeated in the action, no execution can be issued against them *personally*, except by the express order of the Court.

*John H. Reynolds* for Appellant.

*Millard & King* for Respondents.

BACON, J.—This is an appeal from an order of the General Term, in the Third District, reversing an order of the Special Term, denying a motion by the Plaintiffs to set aside an execution against the property of the Plaintiffs.

The Plaintiffs brought the action to recover from the Defendant the amount of a subscription made by him for the benefit of the Troy University.

In the complaint they describe themselves as trustees of such institution, and they incorporate the subscription, which the Defendant with others signed, by reference, into the complaint.

At the Circuit, the Plaintiffs not appearing to prosecute the suit, the Defendant took the usual order dismissing the complaint, with costs, and upon this a judgment was entered, and an execution issued to collect the amount of costs of the Plaintiffs personally; and the question is whether this can be done without a special order of the Court directing it.

The Plaintiffs are trustees of an express trust, as defined by the 113th section of the Code.

They are the persons with whom, and in whose name, the contract was made, for the benefit of another. The Defendant's counsel claims that the designation of the Plaintiffs, in the complaint, as trustees for the benefit of the Troy University, is mere matter of description, and does not indicate that they sue in any other character than as individuals. This might be so, if it were

not for the fact that the subscription is set forth as a part of the complaint, in which the Plaintiffs are distinctly named and designated as trustees for the benefit of the University to be thereafter organized, and their powers and duties minutely defined; and the Defendant, with others, entered into the engagement with them to pay the amounts by him and them subscribed, to them as trustees, and for the purposes set forth in the subscription paper.

Nothing can be clearer than that they acted in a trust capacity, and that the Defendant contracted with them as such, and that their names were used by the cestui que trust for the purpose of enforcing the subscription. No action, I conceive, could have been brought upon this subscription by the Plaintiffs, in any other than a representative capacity, and as trustees of this express trust.

This being so, it follows that the collection of no costs could be enforced against the Plaintiffs personally, without an express order of the Court to that effect.

By the 317th section of the Code, it is provided that where costs are awarded in an action prosecuted by a trustee of an express trust, the same shall be chargeable only upon, or collected out of, the estate, party, or fund represented, unless the Court shall direct the same to be paid by the Plaintiff or Defendant personally, for mismanagement or bad faith in the prosecution or defence of the suit.

The Defendant's counsel insists that, by the judgment in this case, the Court did direct the Plaintiffs to pay the costs personally, and that there is no proof to show that the Judge who rendered the judgment did not intend that such should be the result.

No such inference can fairly be drawn from the mere fact that the ordinary direction was given at the Circuit, dismissing the complaint.

The section which provides for such a judgment, only allows it to be given when mismanagement or bad faith is imputed to the party prosecuting or defending; and clearly, this must be made

to appear to the Court, in some form, before such an order can be made, or such a judgment rendered. The true practice, we think, is to make a specific application for such an order, founded on a notice to the other party, to the end that he may have an opportunity to repel, if he can, the charge of mismanagement, or the imputation of bad faith.

Such a conclusion cannot legally be drawn from the mere fact that he does not happen to appear when the cause is called on the calendar, and an order of dismissal is taken against him.

The question must, in some form, be presented to the Court for its judicial determination. No such application, as far as appears, was presented in this case, and it is substantially conceded that none was made; and the form of the judgment, as rendered, does not authorize the collection of the execution to be enforced, personally, against the Plaintiffs.

The order of the General Term should be affirmed, with costs. Affirmed.

<div align="right">

JOEL TIFFANY,
State Reporter.