## N. Y. COMMON PLEAS.

### JOHN HUGHES agt. THE MERCANTILE MUTUAL INSURANCE COMPANY.

Where a policy of marine insurance was made out to J. H. "for account of whom it may concern," the action to recover the amount of insurance is properly brought by J. H., he being the trustee of an express trust under the Code.

Insurers may contract for antecedent risks, and, by express agreement, insure against a prior total loss.

If a time polciy of marine insurance does not contain the words "lost or not lost," but is ante-dated by the insurers, they assume a retrospective risk, for which the policy provides, in the same manner as if it had been issued on the day it bore date.

It a policy of marine insurance describes a vessel insured, as the bark *Empress*, or by whatever other name or names the vessel is or shall be called, and it appears, from the testimony, that the name of the vessel had been changed to the *St. Mary*, it was properly snbmitted to the jury to determine what vessel was intended to be 'nsured.

ON January 25th, 1866, the plaintiff applied to the defendant for insurance upon the bark *Empress*, for account of whom it might concern.

The application was prepared at defendant's office by their secretary, Newcomb, and in a conversation had with, and a statement made by the plaintiff, as to the nature and condition of the property, for which insurance was sought.

On the same day a policy upon the good bark *Empress*, or by whatever other name or names the said vessel is or shall be named or called, insuring her for $5,000, from December 12, 1865, to December 12, 1866, against perils of the seas and barratry of the master and mariners.

The policy was issued " on account of whom it may concern," loss payable to the plaintiff.

The name of the bark had been changed, and at the time of said insurance she was known or called the *St. Mary*.

The vessel was lost about January 8, 1866, by reason as was claimed, of perils insured against. .

The defendants resisted plaintiff's claim for insurance upon the ground, among others, of misrepresentation as to the name and description of the vessel upon which application for insurance was made. The jury found for plaintiff, and from the judgment entered thereon, appeal is taken.

SCUDDER & CARTER, *for appellants.*
ROBT. P. LEE, *for respondent.*

LARREMORE, *J.*—The principal questions presented by this appeal are: 1st. The identity of the vessel insured.

2d. Plaintiff's knowledge of the loss at the time he applied for and obtained the insurance.

3d. Whether the policy in which the words "lost or not lost," are omitted, was intended to and did cover a total loss existing at the time it was issued.

The jury have found in favor of plaintiff upon the 1st and 2d of these propositions, and the verdict should not be disturbed unless for error upon the trial.

The first objection raised was to the admission of evidence, on the part of the plaintiff, to show upon what vessel he applied for insurance. The defendants insisted that plaintiff was bound by his application, which contained the name of the bark *Empress*. The court allowed him to show the name of the vessel insured. I think this ruling was correct, conceding, as the law requires, *uberrima fides*, in the foundation of the contract, it was competent, upon the issues raised in this case, to admit proof of the acts and declarations of the parties to the contract insured tending to establish the identity of the vessel.

The application for insurance, made by plaintiff, was not a warranty. It is not referred to in, nor made part of, the

policy. It was intended to give the insurer a just estimate of the risk to be covered. The representation thereon, as to the name of the vessel, is merged in the policy which described the property insured as the good bark *Empress*, or by whatever other name or names the said vessel is, or shall be named, or called.

Plaintiff swore that he applied for insurance on the *St. Mary*, formerly the *Empress*; that she had been renewed and re-classed, and that he said to Newcomb, defendant's secretary, "your own surveyors are the parties who examined her and classed her"; that said vessel was built in Sunderland, England; was sold as one of Parsons' vessels of Hull, and when last heard of was at the isle of Nevassa, loading with guano, for Leith, Scotland. None of the said presentations were shown to have been false. Defendants were referred to "Lloyd's Register" for furniture, information as to the rating of the vessel, and if they or their agent made a mistake in this respect, it should not be charged to the plaintiff (*Rawley* agt. *The Empire Ins. Co.*, 36 *N. Y.*, 550; *Benedict* agt. *Ocean Ins. Co.*, 31 *N. Y.*, 393).

The question, too, had reference to the identity of the vessel, and was not intended to vary the terms of the policy. The evidence offered showed that it was a vessel of the class and description named in the policy, and that though insured by the name *Empress*, was also called the *St. Mary*. *Error nominis non nocet cum de re constat.*

No reformation of the policy was necessary, for, by its very terms, it contemplated and provided for such a contingency.

The identity of the vessel being established, a mistake or uncertainty as to the name is not a good ground for avoiding the policy (*Phillips on Ins.*, vol. 1, § 430; *Le Messurier* agt. *Vaughan, and Hall* agt. *Mollineaux*, 6 *East.*, 382).

There was evidence to sustain the verdict upon the propositions submitted, and also that the loss occurred by a peril insured against.

The motion to dismiss the complaint on the ground that there was no evidence showing that preliminary proofs of loss had been presented, was properly overruled. · Plaintiff testified that he saw such proofs in defendant's possession, and this was not denied. But even if such proof was insufficient, the defendants did not refuse to pay on this ground, but based their objections upon the alleged misrepresentations as to the vessel insured. They should not now be permitted to insist upon a formal defect, which might have been cured if an opportunity had been allowed (*Vos* agt. *Robinson*, 9 *Johns.*, 192; *McMasters* agt. *Western Mutual Ins. Co.*, 25 *Wend.*, 397; *Miller* agt. *Eagle Life and Health Ins. Co.*, 2 *E. D. Smith*, 268; *Bumstead* agt. *Dividend Mutual Ins. Co.*, 12 *N. Y.*, 81; *O'Niel* agt. *Buffalo Fire Ins. Co.*, 3 *N. Y.*, 122; *Kernochan* agt. *N. Y. Bowery Fire Ins. Co.*, 17 *N. Y.*, 428.)

The motion to dismiss the complaint on the ground that plaintiff was not entitled to bring the action, was also properly denied.

The policy insured John "Hughes on account of whom it may concern," and the funds, in case of loss, were payable to him. It appears from the testimony that the policy was for the benefit of McGinnis, the owner of the vessel, and also of the plaintiff, as a security for advances made to said owner. Plaintiff had an interest in the proceeds of the policy to the extent of his advances only, the residue belonging to the estate of McGinnis. The assignment by plaintiff to Bell of the beneficial interest which plaintiff had in the policy, did not divest him of a right of action on the policy, which he held as trustee for the benefit of all concerned in the distribution of the proceeds (*Code*, § 113; *Greenfield* agt. *Mass. Mutual Life Ins. Co.*, 47 *N. Y.*, 430; *Waring* agt. *Indemnity Ins. Co.*, 45 *N. Y.*, 613; *Davis* agt. *Boardman*, 12 *Mass.*, 80; *Ward* agt. *Wood*, 13 *Mass.*, 539; *Copeland* agt. *Mercantile Ins. Co.*, 6 *Peck*, 198).

The defense was not that plaintiff had parted with his

interest, but that neither he nor McGinnis had an insurable interest in the policy.

That the court unintentionally misstated or missquoted any part of the evidence, is not ground for reversal when (as in this case it appears) the correction asked for was not refused.

The jury are presumed to be governed by their own recollection of the testimony, and the judge, by his charge left the whole matter for them to decide (*Powell* agt. *Jones*, *2 Barb.*, 27).

As to the third proposition:

It is conceded that insurers may contract for antecedent risks, and by express agreement insure against a prior total loss.

But it is urged that such a liability must be shown by language indicating such a purpose.

The words usually employed to denote such an intention are: "Lost or not lost;" and the question presented is, whether, in a time policy in which such a clause is omitted, a recovery can be had for a total loss existing at the time such policy was issued.

I see no reason for any distinction between a total or partial loss in respect to the liability of the insurers.

By ante-dating the policy, they assumed the retrospective risk for which it provided, in the same manner as if it had been issued on the day it bore date.

Any other construction would defeat the obvious purpose of this contract. The verdict of the jury repels the presumption of any fraud, misrepresentation or concealment on the part of the plaintiff. The policy under which he claims was intended to cover a possible loss occurring after December 12, 1865. This is evident from the description of the risk and the subject of the contract; and in such a case the insertion of the clause, "lost or not lost," is not strictly necessary (*Marshall on Marine Ins.*, 267–268; *Arnould's Marine Ins.*, 223; *Parson's Marine Ins.*, vol. 2, p. 44;

*Folsom* agt. *Mercantile Mut. Ins. Co.*, 8 *Blatchf.*, 170 ; *Hallock* agt. *Com. Ins. Co.*, 2 *Dutcher, N. J.*, 268, *affirmed in court of errors*, 3 *Dutcher*, 647 ; *see also dicta of Judge* STORY *in Hammond* agt. *Allen*, 2 *Sum.*, 376 & 397, *and Gibson* agt. *Small*, 4 *H. of L. cases*, 353).

The remaining exceptions are not well taken, and should be overruled, and the judgment appealed from should be affirmed