BAINBRIDGE S. CLARK, as Trustee, etc., Respondent, *v.* C. BALDWIN FOSDICK, et al., Appellants.

|118    7|
|122  570|

A husband and wife agreed to live separately, and to effectuate that agree, ment entered into articles of separation, through the medium of a trustee, by the terms of which the husband agreed to pay to the trustee, annually a sum named, for the support of the wife during life, the same to be in full satisfaction for such support and maintenance and of all alimony; the wife and trustee covenanted to save the husband harmless from his obligation to support her, and upon execution of the agreement the parties separated.  In an action against the husband, to recover a payment under the agreement, *held*, that it was valid; that the trustee named was the trustee of an express trust, and that the action was properly brought in his name; also, *held* (FOLLETT, Ch. J., dissenting), that the agreement was not abrogated by a subsequent divorce of the parties, at least when no provision for alimony was made in the decree of divorce.

(Argued October 25, 1889; decided December 10, 1889.)

APPEAL from judgment of the General Term of the Court of Common Pleas of the city of New York, entered upon an order made January 13, 1887, which affirmed a judgment of the City Court of New York, in favor of plaintiff entered upon an order of Special Term overruling a demurrer to plaintiff's complaint.

This was an action to recover an installment due under articles of separation between defendant, C. Baldwin Fosdick, and Jennie P. Fosdick.

Jennie P. Fosdick intermarried with the defendant, C. Baldwin Fosdick, on the 11th day of April, 1878, and thereafter they lived together as husband and wife until the 14th of February, 1883.  Differences having arisen it was agreed between them that they should live separately and to effectuate that agreement, articles of separation were entered into between the parties and the plaintiff, who, as trustee, was party of the third part bearing date the 14th of February, 1883, which recited that such differences had arisen and that for that reason they agreed to live separately.  Immediately upon

the execution of said agreement they separated in fact and continued to live separately thereafter. By the articles of separation C. Baldwin Fosdick, the husband, and Charles B., the husband's father, covenanted that they would pay to the plaintiff as trustee for the support and maintenance of Jennie P. Fosdick, the wife, and her two children, twenty-five hundred dollars per annum, payable quarterly, during the period of her natural life, unless she should remarry, in which case the allowance was to cease, and that in case of the death of both of the children the allowance should be reduced to two thousand dollars. The sum paid was in full satisfaction for such support and maintenance and of all alimony whatsoever.

The agreement contained the further provision that the trustee should indemnify the husband against the support of his wife and the children ; that he would pay the allowance over to her for her support and that of the children. The articles further provided that the husband should not interfere with his wife and that she should have the custody, management and control and education of the children, but that the husband and Charles P. Fosdick, his father, and the latter's wife were to have access to the children at all reasonable times and places.

After the execution of the agreement and the separation of the parties, in pursuance of the provisions in the same and the payment of the allowance for some time, the wife went to reside in the state of Rhode Island, and after residing there for the period of one year, commenced an action for divorce against her husband. He appeared in the action and litigated the same. The decree therein adjudged as follows: "That the prayer of the said petitioner be granted ; that the bonds of matrimony existing between the said Jennie P. Fosdick and said C. Baldwin Fosdick be and the same are hereby dissolved and the said Jennie P. Fosdick have the exclusive custody of the two children, Clark Fosdick and Pauldine Fosdick, until the further order of the Court."

This decree or so much of it as above recited, together with the agreement thereto annexed formed part of the complaint herein.

The defendant demurred to the complaint assigning as grounds of demurrer:

*First.* That the plaintiff has not the legal capacity to sue, for that the trust has ceased and the plaintiff has no longer any interest, the only party in interest at the time of the commencement of the action being Jennie P. Fosdick.

*Second.* That said complaint does not state facts sufficient to constitute a cause of action.

*Third.* That there is a defect of parties plaintiffs, in that Jennie P. Fosdick is not named therein as a party plaintiff therein.

*H. M. Whitehead* for appellant. The agreement sued upon is in violation of section 10, article I of the Constitution of the State of New York, which provides that no "divorce shall be granted otherwise than by due judicial proceedings." (11 Ves. Ch. 526; 3 Johns. Ch. 54; 1 Edw. Ch. 480; 1 Hoff. Ch. 1.) The agreement sued upon is void on the ground of public policy, which forbids that parties should be permitted to make agreements for themselves to live separate. (5 Bligh. N. S. 331, 367, 375; 2 Dowl. Par. Cas. 332; 1 Carr. & P. 36; 2 Carr. & M. 338; 2 East. 283; 11 Ves. Ch. 526; 3 Johns. Ch. 521; 1 Edw. Ch. 480; 1 Hoff. Ch. 1; 8 N. H. 350; 2 Sim. & S. Ch. 362; 1 Younge & C. Ch. 28; *Rogers* v. *Rogers,* 4 Paige, 517; *Cropsey* v. *McKinney,* 30 Barb., 47; *Morgan* v. *Potter,* 17 Hun, 403; *Beach* v. *Beach,* 2 Hill, 260; 22 Barb. 103; *Cropsey* v. *McKinney,* 30 id. 56; *Griffin* v. *Banks,* 37 N. Y. 623.) The agreement sued upon is invalid upon its face, being an agreement to separate, while the parties were living together in matrimony, and not showing any grounds for which a bill of separation would lie. (*Rogers* v. *Rogers,* 4 Paige, 513; *Friedman* v. *Brennan,* 43 Hun, 390; *Crawford* v. *Morrell,* 8 Johns. 253; *Thayer* v. *Rock,* 13 Wend. 53; *Baldwin* v. *Palmer,* 10 N. Y. 232; *DeBeerske* v. *Paige,* 36 id. 536; *Saratoga Co. Bk.* v. *King,* 44 id. 87; *Dow* v. *Way,* 64 Barb. 255; *Hyer* v. *Burger,* 1 Hoff. Ch. 1.) If the agreement set forth in the complaint be valid upon its face it is not properly

declared upon. (*Dupre* v. *Rim*, 7 Abb. [N. C.] 256; *Ryce* v. *Ryce*, 62 Ind. 64; *Campbell* v. *Campbell*, 37 Wis. 203; *Swift* v. *Beers*, 3 Den. 70.) The decree of divorce estops the plaintiff from maintaining this action. (*Kamp* v. *Kamp*, 59 N. Y. 212; *Crimmins* v. *Crimmins*, 28 Hun, 200; *McQuien* v. *McQuien*, 61 How. Pr. 218; 63 id. 194; *S. C. A. L. H.* v. *Smith*, 17 Atl. 770; *Squires* v. *Squires*, 53 Vt. 208; *Skilher* v. *Gregory*, 2 Wend. 422; *Wright* v. *Miller*, 1 Sandf. Ch. 102; *Charruand* v. *Charruand*, 1 Leg. Obs. 134; *Kamp* v. *Kamp*, 59 N. Y. 213; 37 id. 623; *Wills* v. *Stout*, 9 Cal. 479, 498; *Belveley* v. *Belveley*, 93 Ind. 255; *Meckenberg* v. *Holler*, 29 id. 139; *Fischli* v. *Fischli*, 1 Blackf. 360; 12 Am. Dec. 257; *Williams* v. *Williams*, 13 Ind. 523; *Sullivan* v. *Learned*, 49 id. 252; *Moon* v. *Baum*, 58 id. 194; *Calame* v. *Calame*, 24 N. J. Eq. 440; *Gleason* v. *Emerson*, 51 N. H. 405; *Hunt* v. *Thompson*, 61 Mo. 148; *Calvo* v. *Davies*, 73 N. Y. 211; Koenig's Appeal, 56 Pa. 352; *Dodson* v. *Ball*, 60 id. 493; Wood's Appeal, 9 Cent. R. 376; *Johnson* v. *Johnson*, 65 How. Pr. 517; *Carpenter* v. *Osborne*, 102 N. Y. 552.) The agreement, considered in connection with the other facts set forth in the complaint, is fraudulent. (*Earl of Bristol* v. *Wilsmore*, 1 B. & C. 514; *Ash* v. *Putnam*, 1 Hill, 302; *Ferguson* v. *Carrington*, 9 B. & C. 59; *Fosdick* v. *Fosdick*, 1 N. E. Rep. 38.) Assuming the validity of the agreement of separation upon its face, yet if it was executed in pursuance of an agreement for absolute divorce to be had thereafter, it is collusive and void as against public policy. (*Moon* v. *Baum*, 58 Ind. 194; *Johnson* v. *Johnson*, 65 How. Pr. 517; Bishop on Mar. & Div. §§ 301, 595; *Daggett* v. *Daggett*, 5 Paige, 509.) Assuming that the agreement of separation is valid; that the parties may beforehand make a valid agreement for support or alimony to be paid after divorce, that is not the fair purport and meaning of the agreement sued upon, and was not the intention of the parties as evidenced by their situation and the circumstances surrounding them and the laws under which they were living. (*Burr* v. *Burr*, 7 Hill, 213.) There is a defect of parties plaintiff. (Code, § 449; *Dupre* v. *Rim*, 7 Abb. [N. C.] 256.)

*Horace Russell* and *Jabish Holmes, Jr.*, for respondent. The plaintiff has legal capacity to sue, and Mrs. Fosdick is not a necessary party. (Code Civ. Proc. § 449; *Dupre* v. *Rim*, 7 Abb. [N. C.] 256; Code, § 449; *Greenfield v. Mass. Ins. Co.* 47 N. Y. 430; *Slocum* v. *Barry*, 38 id. 46; 34 How. Pr. 320; *Cummins* v. *Barkalow*, 4 Keyes, 514; *Considerant* v. *Brisbane*, 22 N. Y. 389; Code Civ. Pro. § 449; *Greenfield v. M. Ins. Co.* 47 N. Y. 430; *Hughes* v. *M. Ins. Co.* 44 How. Pr. 351.) The complaint states facts sufficient to constitute a cause of action. (*Carson* v. *Murray*, 3 Paige, 483; *Rogers* v. *Rogers*, 4 id. 516; *Allen* v. *Affleck*, 64 How. Pr. 380; *Dupree* v. *Rim*, 7 Abb. [N. C.] 256; *Carpenter* v. *Osborn*, 102 N. Y. 552; *Pettit* v. *Pettit*, 107 id. 677; Abb's Clk's Con. Asst. 465, form 929, Dunlap's Book of Forms, 132; Curtis' Conveyancer, 235, 288; Jenkins' New Clerk Asst., 332; McCall's Clerk Asst. 294; Jones' Forms in Conveyancing, 707; 2 Humprey's Practical Forms, 1288.) The divorce has not effected defendant's liability upon the articles. (Stewart on Mar. & Div., § 191; *Grant* v. *Budd*, 30 L. T. Rep. 319; *Charlesworth* v. *Holt*, 43 L. J. [N. S.] 681; *Goslin* v. *Clark*, 12 C. B. [N. S], 681; *Jee* v. *Thurlow*, 2 B. & C. 547; *Kremelberg* v. *Kremelberg*, 52 Md. 553; *Blaker* v. *Cooper*, 7 S. & R. 500; 7 *McGrath* v. *Ins. Co.*, 8 Phila. 113; *Wright* v. *Miller*, 1 Sandf. Ch. 126; *Carpenter* v. *Osborn*, 102 N. Y. 552, 559; *Pettit* v. *Pettit*, 107 id. 667; 2 Bishop on Mar. & Div., § 375; *Rose* v. *Rose*, 11 Paige, 166; *Collins* v. *Collins*, 80 N. Y. 1; *Wallace* v. *Bassett*, 41 Barb. 97.) The surety, Charles B. Fosdick, cannot raise the question that the complaint does not state a cause of action against him. (*Fish* v. *Hose*, 59 How. Pr. 238; *Eldridge* v. *Bell*, 12 id. 547; *Philips* v. *Hagadon*, 12 id. 17; Code Civ. Pro., § 454; *Carman* v. *Plass*, 23 N. Y. 286; *Decker* v. *Gaylord*, 8 Hun, 110; *Allen* v. *Rightmere*, 20 Johns. 365; *Douglass* v. *Howland*, 24 Wend. 35; *Brown* v. *Curtis*, 2 N. Y. 225; *H. M. Co.* v. *Farrington*, 81 N. Y. 121.) The judgment should be affirmed without leave to defendants to answer. (*Snow* v. *F. N. Bank*, 7 Robt. 479; *Lowry* v. *Inman*, 6 Abb. Pr. [N. S.]. 404.)

POTTER, J.   The questions to be decided upon this appeal are presented by demurrer to the complaint.   The complaint alleges the facts which ordinarily give an action to recover the money promised to be paid the plaintiff as trustee, under the agreement, but it also alleges a decree of divorcement obtained by the wife after the making of the agreement of separation and which the defendant contends, defeats the plaintiff's action.   The purpose of thus pleading was to obtain a final judgment upon the rights of these parties in a more speedy and less expensive way.

It will be more orderly to consider first the ground of demurrer strictly applicable to the right of the plaintiff as trustee to bring the action.

By the express terms of the agreement of separation the defendant, C. Baldwin Fosdick, agrees to pay to the plaintiff for and towards the support and maintenance of his wife, the said Jennie P. Fosdick and their children, the yearly sum of twenty-five hundred dollars for and during the period of her natural life unless she remarries, etc., and the plaintiff and said Jennie agree that said sum so paid shall be in full satisfaction of the support and maintenance of said Jennie P. Fosdick and children and all alimony whatsoever.

This clearly constitutes the plaintiff the trustee of an express trust and required that an action to enforce or to execute the trust should be brought in his name. (Code of Civ. Pro., § 449; *Calkins* v. *Long*, 22 Barb. 97; *Greenfield* v. *Mass. M. L. Ins Co.*, 47 N. Y. 430; *Slocum* v. *Barry*, 38 N. Y. 46; *Hughes* v. *Mercantile Mut. Ins. Co.*, 44 How. Pr. 351.)

The next question to be considered is the validity of the agreement itself.   I think it is to be assumed in the consideration of this appeal that at the time of executing the instrument, which forms the basis of this action, the defendant C. Baldwin Fosdick and Jennie P. Fosdick were husband and wife and were living together as such.

The first inquiry should be to learn whether the courts of this state have decisively passed upon that question, and, if so, of course, we are to follow such holding.   It was reluctantly

held by the chancellor in *Carson* v. *Murray* (3 Paige, 500), and then only upon the principle of *stare decisis* as evinced by *Baker* v. *Barney* (8 John. 72); *Shelthar* v. *Gregory* (2 Wend. 422), following the English decisions prior to the revolution that "a valid agreement for an *immediate* separation between husband and wife and for a separate allowance for her support, may be made through the medium of a trustee."

The case of *Carson* v. *Murray* (3 Paige, 483), was upon a bill in equity by the wife against the executors of her husband, based upon an agreement of separation, for its enforcement, out of the estate of the deceased husband. The case of *Baker* v. *Barney* (8 John. 72) was an action to recover of the husband the price of suitable goods sold to the wife after the separation of husband and wife under an agreement making provision for the support of the wife.

The case of *Shelthar* v. *Gregory* (2 Wend. 432) was an action upon the bond and agreement to separate; the defense was that after the bond was given and before the installment or sum fell due by the terms of the agreement, the wife returned to, and was living with the husband and was supported by him. In these cases, the husband and wife were living together when the agreement or articles of separation were executed and separated immediately thereafter. The ruling of the court was to the effect that such articles of separation *considered* under these various aspects were valid. These holdings were based upon decisions made in the English courts and I am not aware that the English or our own courts have departed or receded from the principle thus laid down. While husband and wife in *Calkins* v. *Long*, (22 Barb. 98) had actually separated before the agreement of separation was executed, the court in holding that the agreement was valid, cites numerous decisions with approval in England and several of the states of the Union to the effect that such agreements are valid and will be enforced where the separation had taken place before, or takes place immediately after, the execution of the agreement of separation and this

case is said (in a note upon page 110) to have been affirmed by the Court of Appeals.

Judge DAVIS in delivering the opinion of the court in *Walker* v. *Walker* (9 Wall. 743), while regretting, upon the score of public policy, that the courts of England and of this country had gone so far, was, as was the chancellor in *Calkins* v. *Long, supra,* constrained to hold that " a covenant by the husband for the maintenance of the wife contained in a deed of separation between them through the *medium* of trustees, and where the consideration is apparent, is valid and will be enforced in equity, if it appears that the deed was not made in contemplation of a future *possible* separation, but is made in respect to one which was to occur immediately, or for the continnance of one which had already taken place.

The validity of such agreements are recognized and enforced in numerous cases decided by the courts of this and other states. (*Carpenter* v. *Osborn,* 102 N. Y. 552; *Pettit* v. *Pettit,* 107 N. Y. 677; *Carson* v. *Murray,* 3 Paige, 483; *Rogers* v. *Rogers,* 4 Paige, 516; *Allen* v. *Affleck,* 64 How. Pr. 380; *Dupre* v. *Rein,* 7 Abb. [N. C.] 256.)

We come now to consider the question whether the divorce granted upon the application of the wife, affected the agreement of separation. Ordinarily that question would be presented by an answer to the complaint by way of defense. That matter is now presented upon behalf of the plaintiff and as a part of the complaint and the defendant demurs to it. Of course, the defendant admits the truth of the allegations of the complaint and just as stated in the complaint. The defendant is confined to that statement and is not at liberty to resort to any doubtful inferences of fact arising from the circumstances or motives to the making of the agreement or to any doubtful intendments from the language or construction of the agreement or the decree of divorce, unfavorable to the plaintiff.

The complaint after setting forth the agreement of separation dated February 14, 1883, alleges that on the 23d day of

September, 1885, the said Jennie Fosdick obtained a decree of absolute divorce from a court of the State of Rhode Island, having power to grant the same and having jurisdiction of the parties; of the plaintiff, by reason of a *bona fide* residence in that state for a year and of the defendant, by reason of his appearance in that court and the interposition of his defense to the action.

The decree or a portion of it, is set forth in the complaint in this action from which it appears " that the bonds of matrimony now existing between the said Jennie P. Fosdick and the said C. Baldwin Fosdick be and the same are hereby dissolved and that the said Jennie shall have the exclusive custody of her two children, Clark Fosdick and Pauldine Fosdick, until the further order of the court."

The complaint alleges that no alimonoy was asked or granted in said action and that the wife relied upon the covenant contained in the agreement of separation in that regard.

It is contended upon behalf of the defendant that this decree *estops* the plaintiff from maintaining this action. There is nothing in the complaint in this action or in the decree showing the ground upon which such divorce was granted; nor when the ground on which it was granted began, or ceased, to exist. And as the estoppel must depend upon the matters set forth in the complaint and the decree, the estoppel cannot prevail unless such decree, upon whatsoever grounds it may have been granted, as matter of law, nullifies the agreement of separation. I say as matter of law, for the reason that there is nothing in express terms that conditions the payment of the money upon her not applying for or obtaining a divorce from her husband. The question is therefore whether such decree rendered the article of agreement of separation or its provision for the payment of the money in suit, of no further effect. It may be here remarked that the agreement in question is to be considered and adjudicated in view of its provisions and the rules applicable to agreements generally. It is to be assumed in the construc-

tion of this agreement, that it contains all that the parties intended to agree to and that their minds met upon.

By the terms of the agreement under consideration, the defendant agrees to pay to the plaintiff for and towards the support and maintenance of his wife, Jennie Fosdick and their children the yearly sum of twenty-five hundred dollars for and during the period of her *natural life unless* she remarries, and that in case of the death of the two children, the amount to be paid shall be reduced to two thousand dollars, and that in case of the death of either said husband or wife, the agreement was to be at an end and have no further force or effect.

Thus it will be seen that an application for, or the obtaining of, a divorce by the wife was not by the agreement made a condition of the payment of the money or in any manner to affect the defendant's obligation to pay it.

It seems to me very clear both upon principle and authority that the defendant's contention is untenable and that the divorce granted to the wife, Jennie P. Fosdick, is not a bar to this action to recover the money stipulated in the agreement.

As we have seen the law sanctions agreements in certain circumstances between husbands and wives for separate living and providing the means for the support and maintenance of the wife and children through the medium of a trustee to receive and disburse the same. Such agreements take the place as far as they extend of the duties and obligations of the law in relation to husband and wife and their children. But they do not supercede or render inoperative other duties and obligations imposed by law upon husband and wife toward each other and toward their children. They are still husband and wife, but living apart from each other and bound to observe all the other martial duties resting upon them as husband and wife and parents, not provided for in the agreement of separation. Neither of them can marry nor commit adultery without incurring the consequences and the penalty prescribed by law to husbands and wives who commit those offences. Hence we find numerous decisions of the courts in nearly all civilized

countries, holding that either husband or wife may, notwithstanding the existence of such agreement between them, maintain against the other the ordinary action for divorce, limited or absolute, according to the ground and the jurisdiction, and whether the ground therefor accrued before or after such agreement was entered into. The following authorities I think sustain the proposition. (Stewart on Mar. & Div., § 191; *Grant* v. *Budd*, 30 L. T. Rep. 319; *Charlesworth* v. *Holt*, 43 L. J. [N. S.] part 2, Exch. 25; *Wright* v. *Miller*, 1 Sand. Ch. 103; *Carpenter* v. *Osborn*, 102 N. Y. 559; *Pettit* v. *Pettit*, 107 id. 667; *Jee* v. *Thurlow*, 2 Barn. & Cress. 547; *Kremelberg* v. *Kremelberg*, 52 Ind. 553.)

With these views and authorities it seems very clear to me, that the agreement of separation is valid and has not been in anywise rendered ineffectual by the decree of absolute divorce granted to the wife.

This case is free from the question often involved in this class of cases arising from the allowance of a greater or less amount in the decree of divorce than the amount provided in the article of separation. The decree of divorce made no provision for alimony. Nor did the decree change the provision in the article of separation in relation to the custody and control of the children, as I do not apprehend that the omission of the privilege of visiting the children by the father and grandfather from the decree, changes at all that right as provided in the agreement.

The agreement remains unaffected in that and other respects, capable of enforcement by any of the parties to it by all proper means.

Judgment absolute should be granted with costs in favor of the respondent.

FOLLETT, Ch. J. (dissenting). I cannot assent to either of these judgments. * The husband was by law, bound to support his wife so long as the marital relation existed. As a substitute for that obligation, the husband contracted to pay fixed sums at stated times in the future, in consideration of which, the wife and her next friend contracted to relieve the husband from his obligation. The contract arose out of the rights and liabilities of the marital relation, was wholly executory, and rested on the presumption that the relation and those rights and liabilities would continue. The judgment dissolving the relation cut down the consideration upon which the executory stipulations rested, and destroyed the contract. The defendant was no longer under any obligation to support the plaintiff as his wife, for she was not his wife. The stipulation of the woman and of her next friend, that they would save the man harmless from his obligation to support her was without further foundation or consideration. Under the statutes, the court, upon the dissolution of the marriage, was free to fix the amount which the man should thereafter pay for the future support of the woman. It is said, the parties have contracted and have not limited the duration of the contract to the period during which the relation of husband and wife should exist. This relation is initiated by contract, but when established, it ceases to exist solely by virtue of the contract and becomes a status in which, and in the obligations arising out of it, the state has an interest, and public policy forbids that its obligations shall be made the subject of bargain and sale, like rights in property as may suit the caprice of the parties. The consequences which may flow from judgments affecting an institution which is the recognized foundation of civilization, should be regarded. Suppose that a husband and wife who have separated, afterwards contract to live apart, the husband agreeing to pay stipulated sums at fixed times for the support of his wife, and the wife and her next

---

* The other judgment referred to is that in the case of *Galusha* v. *Galusha*, (116 N. Y. 635). This dissenting opinion was not handed down until after that volume was completed.

friend contract to save the husband harmless from his obligation to support her.  Subsequently, the wife lives in open adultery, it may be with the next friend, for which misconduct the husband obtained an absolute divorce.  Under the doctrine of these judgments, it seems to me that the husband, notwithstanding the divorce, would be compelled to continue the payment for the support of the woman and her paramour. But it is said that such consequences may be prevented by the insertion of appropriate stipulations in future contracts, but I think consequences so pregnant with evil to the marital relation ought not to be left to the chance of contract.  It must be remembered that we are not dealing with executed contracts by which property has been conveyed in consideration of the relation, nor with contracts between husband and wife resting upon their rights of property.

All concur with POTTER, J., except FOLLETT, Ch. J., dissenting, and HAIGHT, J., not sitting.

Judgment affirmed.