## POILLON v. POILLON.

(Supreme Court, Appellate Division, First Department.   March 16, 1900.)

1. HUSBAND AND WIFE—AGREEMENT FOR SEPARATION—VALIDITY—ENFORCE-
MENT.     .
    An executory agreement between a husband and wife, whereby the hus-
band agrees to pay the wife a stated sum of money per annum, and re-
citing that the various differences that have arisen and still exist be-
tween them render it impossible for them to live together as husband and
wife, and that in consequence thereof they mutually consent to hereafter
live separate, without evidence of grounds that would entitle either party
to a separation from the other, is absolutely void, and cannot be made the
basis of an action by the wife for the recovery of the annual allowance
agreed to be paid by the husband.

2. SAME.
    Gen. Laws, c. 48, § 21, giving a married woman the right to make con-
tracts in respect to real or personal property with any person, including
her husband, as if she were unmarried, but providing that a husband and
wife cannot contract to alter or dissolve the marriage, or to relieve the
husband from his liability to support his wife, does not enlarge the powers
of the husband and wife in respect to contracts for separation, so as to
abrogate the rule of the common law that such a contract is invalid un-
less made through the intervention of a trustee.

    Van Brunt, P. J., dissenting.

Appeal from trial term, New York county.

Action by Frederica M. Poillon against John J. H. Poillon to re-
cover an allowance agreed to be paid under a contract of separation
between the parties as husband and wife.   From a judgment for de-
fendant (61 N. Y. Supp. 582), plaintiff appeals.   Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY,
McLAUGHLIN, and INGRAHAM, JJ.

George A. Strong, for appellant.
Eugene Frayer, for respondent.

RUMSEY, J.   Each of these actions was brought to recover an
installment due to the plaintiff upon an agreement made by the de-
fendant to pay her $3,000 a year, in monthly installments.   The com-
plaint alleges that the parties are husband and wife, and that on the
1st day of May, 1898, they entered into an agreement of separation,
in writing, whereby the defendant agreed to pay to the plaintiff the
sum of $3,000 per annum, in equal monthly installments, for the use
and benefit, and for the support and maintenance, of the plaintiff and
her two children.   Other allegations were made, which are not now
material, but the complaint closed with the statement that the defend-
ant had not paid a certain installment, for which judgment was asked.
Another action was brought to recover another installment..   In his
answer the defendant admits the signing of the contract, and alleges
that it is contrary to public policy, without consideration, null and
void, and of no legal effect.   The cases were tried together.   The
contract was put in evidence, its execution was admitted, and no
further evidence was given by either party.   The defendant then
moved to dismiss the complaint because the plaintiff had not proved
any cause of action, for the reason that the alleged agreement is with-

out consideration, contrary to public policy, and expressly prohibited
by section 21 of the domestic relations law, null and void, and of no
legal effect. The plaintiff asked for the direction of a verdict. The
court desiring to consider the matter, it was agreed that briefs be
submitted, and that the court was to direct a verdict, as if the jury
were present. After consideration, the court directed a verdict for
the defendant, to which an exception was taken. The contract in
evidence recited that various unhappy and insurmountable differences
had arisen, and still existed, between the said parties, which rendered
it inadvisable and impossible for them to live together as husband
and wife, and that in consequence of such difficulties they had mutu-
ally consented and agreed, and "by these presents do mutually con-
sent and agree, to hereafter live separate and apart from each other."
There was no evidence of the relations existing between the parties,
to show that there was any ground upon which either party would
have been entitled to a separation against the other; and the con-
tract was purely executory, having in view their subsequent separa-
tion. Where the parties have already separated, and actually live
apart, such a contract between a husband and wife might be sus-
tained (Clark v. Fosdick, 118 N. Y. 7, 22 N. E. 1111, 6 L. R. A. 132);
but, unless the facts giving validity to the contract are made to ap-
pear, there can be no doubt that such an agreement is invalid and
absolutely void. In this case it appears, by necessary inference, that
the parties were living together when the paper was signed; and it
was an essential part of the agreement that they should thereafter
separate, although no sufficient reason appears to warrant their doing
so. In such a case the contract is void, and no recovery can be had
upon it. Whitney v. Whitney, 4 App. Div. 597, 36 N. Y. Supp. 891,
39 N. Y. Supp. 1136, is precisely in point. That case arose upon a
demurrer to a complaint upon just such a contract as this. The de-
murrer was taken upon the ground that it appeared on the face of
the complaint that the parties were husband and wife, that they had
never been separated in any court, and that the contract was null
and void. The court held that the contract was void, and that no
recovery could be had on it. But not only was this contract void be-
cause it does not appear that the circumstances under which it was
made were such as would permit a court to declare it to be valid, but
it was void under the domestic relations law, because it was made be-
tween a husband and wife. Before any married-woman statutes had
been passed, it was settled law in this state, at least, that a contract
between husband and wife for the support of the wife was absolutely
void at law, but it would under some circumstances be sustained in
equity, if there had been the intervention of a trustee. Story, Eq.
Jur. § 1828; Rogers v. Rogers, 4 Paige, 516; Tallinger v. Mandeville,
48 Hun, 152.

It is claimed by the plaintiff, however, that that rule has been
changed by the domestic relations law (Gen. Laws, c. 48, § 21). The
section relied upon reads as follows:

"A married woman has all the right in respect to property, real or personal,
and the acquisition, use, enjoyment and disposition thereof, and to make con-
tracts in respect thereto with any person including her husband, * * *

as if she were unmarried; but a husband and wife cannot contract to alter or dissolve the marriage or to relieve the husband from his liability to support his wife."

It needs no discussion to show that this contract is essentially one to alter the marriage relation. It relieves the parties from the duty of living together, which the marriage relation imposes upon them, and tends to relieve the husband from the support of his wife; and, so far as it has these ends in view, it is directly contrary to the section above. It is not necessary to decide whether, within this section, a contract for a separation, made without the intervention of a trustee, is now valid. That question can be met when it arises. It is sufficient for the disposition of this case to say that section 21, above cited, does not enlarge the power of the husband and wife to contract in this regard, and thus to operate to abrogate the rule of the common law that any such contract is invalid unless it is made through the intervention of a trustee.

The plaintiff claims that her contentions are sustained by the cases of Carpenter v. Osborn, 102 N. Y. 552, 7 N. E. 823, and Pettit v. Pettit, 107 N. Y. 677, 14 N. E. 500. The first was a judgment creditor's action to set aside a conveyance made by the husband in fraud of the wife. The judgments were both recovered on contracts made between husband and wife, and the court held simply that these judgments could not be attacked in a collateral proceeding. In the case of Pettit v. Pettit the parties had actually separated, and an action for a separation had been begun by the wife against the husband. That action was settled, and the settlement was carried into effect, the wife actually doing acts which constituted in other respects a consideration for the acts of the husband; and the court held that, the husband having received an actual consideration for the agreement to pay over certain moneys, she was entitled to maintain her action. But in neither case was anything said which militates against the conclusion at which we have arrived.

The judgment must be affirmed, with costs.

BARRETT and McLAUGHLIN, JJ., concur.   VAN BRUNT, P. J., dissents.   INGRAHAM, J., not voting.