LAWRENCE v. LAWRENCE.

(City Court of New York, General Term.   May 28, 1900.)

1. HUSBAND AND WIFE—SEPARATION—CONTRACT FOR SUPPORT—INTERVENTION
   OF TRUSTEE—ALIMONY—DECREE OF DIVORCE—MERGER.
   Laws 1884, c. 381, provides that a married woman may contract as if
   unmarried, except as to her husband.   Laws 1887, c. 537, provides that
   transfers between husband and wife may be made without the intervention
   of a third person.   A wife sued for divorce.   She then contracted with
   her husband to accept a certain amount per month, until their children
   should attain the age of 16 years, and relinquish further claim on him.
   Thereafter an absolute divorce was granted, without mention of alimony.
   *Held* that, though the statutes do not remove the common-law inhibition
   of contracts between husband and wife, the contract was valid, as an
   agreement by the husband to perform his equitable duty to support.

2. SAME—DIVORCE—CONTRACT FOR SUPPORT—ALIMONY—MERGER.
   A wife having sued for divorce, and obtained an order for $25 a month
   temporary alimony, contracted with her husband for $15 a month, to be
   paid her for the support of their children until they arrived at the age of
   16 years, and then to relinquish further claim on him.   The order for ali-
   mony was then amended by inserting the agreed amount, "$15 for ali-
   mony," in place of "$25 for alimony."   An absolute divorce was thereafter
   granted, without mention of alimony.   *Held*, that the contract was binding
   upon the husband as well as the wife, and that it did not merge into the
   decree of divorce.

Appeal from special term.

Action by Jane R. Lawrence against Allan Lawrence to recover on
a contract for support.   From a judgment in favor of plaintiff, defend-
ant appeals.   Affirmed.

Argued before FITZSIMONS, C. J., and SCHUCHMAN, J.

Francis C. Devlin, for appellant.

Robert Mazet, for respondent.

SCHUCHMAN, J.   The complaint sets up a cause of action on
contract, to wit, on a written agreement, whereby the defendant (the
husband of plaintiff) covenants to pay to the plaintiff the sum of $15
per month for the support and maintenance of his children, and prays
judgment for a period of 21 months from December, 1893, to Sep-
tember, 1895, at the said rate of $15 per month, making a total of
$315.   The answer sets up a defense—First, that said agreement is
against public policy, of no force, effect, or vitality whatever,—in other
words, is null and void; second, that said agreement was not, at the
time of the commencement of this action, nor is now, in force and
effect, because it was merged into an order of the supreme court,
duly made on May 12, 1888, in an action for absolute divorce brought
by plaintiff herein against the defendant herein, directing the defend-
ant to pay to the plaintiff the sum of $15 per month, in each and every
month during the pendency of this action, as alimony, and that in
turn again the said order was merged in the divorce decree granted
in said action to plaintiff on or about October 31, 1891.

The proofs adduced at the trial established the facts, viz.:   Plaintiff
and defendant were husband and wife.   On April 7, 1888, after they
had separated, she commenced an action in the supreme court for an

absolute divorce. In that action an order was made on April 17, 1888, directing the defendant to pay the plaintiff the sum of $25 per month, in each and every month during the pendency of this action, as alimony. On April 23, 1888, the agreement which is the subject of this suit was made and entered into between the plaintiff and defendant herein. It recites:

"Whereas, the said Jane R. Lawrence did, on the 15th day of April, 1888, make application to the supreme court for an order directing the said Allan Lawrence to make suitable provisions for the support, maintenance, and education of the two children of the said parties hereto, namely, George J. R. Lawrence, aged eight years, and Allan C. F. Lawrence, aged three years and upwards, both of whom are now in the care and custody of Mrs. Field, sister of the said Jane R. Lawrence, in England; and whereas, the said Allan Lawrence is willing to provide for said children in such an amount as his earnings will enable him to contribute: Now, therefore, in consideration of the premises, the said parties hereto solemnly agree as follows: First. The said Allan Lawrence hereby covenants, agrees, and binds himself, promptly and faithfully, to pay to said Jane R. Lawrence the sum of fifteen dollars per month for the support and maintenance of said children, said sum to be sent to her on or before the 15th day of each and every month, to such an address as she shall from time to time designate, so long as both children shall be living, and both under the age of sixteen years. Upon the arrival of the elder of said children at the age of sixteen years, or upon the death of either of said children before that date, said monthly payment shall be reduced to ten dollars. And upon the arrival of the younger child at said age of sixteen years, or upon the death of said children before that date, said monthly payment shall cease, and thenceforth be discontinued. Second. The said Allan Lawrence further stipulates and agrees that said Jane R. Lawrence shall have the custody and control of said children, and that he will not, in any manner whatsoever, seek to interfere with her in such control, or to obtain the custody or possession of said children or either of them. Third. The said Jane R. Lawrence hereby agrees to accept said sum of money so to be paid as aforesaid in full satisfaction of all her claims against said Allan Lawrence for her support, and for the support, maintenance, and education of said children, so long as he shall promptly and faithfully perform and carry out the terms and conditions of this agreement, which are to be by him performed, according to the intent and tenor thereof."

On May 12, 1888, an order was duly made and entered in said divorce action, on motion of defendant's attorney, on an affidavit of defendant and a stipulation of plaintiff's attorney, modifying the said order on April 17, 1888, by striking out the words "$25," and inserting the words "$15," so that the clause in said order, as amended, shall read: "And the defendant, Allan Lawrence, is hereby directed and required to pay to the plaintiff the sum of $15 per month, in each and every month during the pendency of this action, as alimony." The action for absolute divorce in which the latter order was made was never carried to judgment. On July 29, 1891, another action for absolute divorce, on another cause of action, was commenced by the plaintiff herein against the defendant herein, which, on October 31, 1891, resulted in a final decree granting an absolute divorce and the custody of the two children to the plaintiff. This decree made no provision for alimony. In November, 1894, a motion was made in the said supreme court to punish the defendant for contempt for a failure to pay the alimony as directed by said orders of April 17 and May 12, 1888. This motion was denied. The justice's memorandum of his decision of this motion reads: "The order of 1888 is merged in the judgment,

and, as that does not require the defendant to pay alimony, she can collect none." At the trial the parties to this action stipulated in open court that the case be tried without a jury, and that the facts and issues as set forth in the pleadings are true and correct. The reason that we have set forth these facts so fully is to facilitate the consideration thereof in case a further appeal is taken.

The agreement in suit, whereby the defendant agrees to pay to the plaintiff the sum of $15 per month for the support and maintenance of his two minor children, is valid, as far as the subject-matter thereof is concerned. It is the primary duty and obligation of a father, imposed on him by law, to support his minor children. The defendant agreed only to such an obligation which the law enjoined upon him, and no more. Pettit v. Pettit, 107 N. Y. 677, 14 N. E. 500. It has been established by various decisions that where parties (husband and wife) have already separated, and actually live apart, a contract between the husband and wife might be sustained; but where the parties were living together when the paper was signed, and it was an essential part of the agreement that they should thereafter separate, then the contract is void. Clark v. Fosdick, 118 N. Y. 7, 22 N. E. 1111, 6 L. R. A. 132; Poillon v. Poillon (Sup.) 63 N. Y. Supp. 301. Appellant raises the question of the invalidity of the contract set up in the complaint, on the ground of the incompetency of husband and wife to thus contract with each other. It has been said that at common law such a contract is invalid, unless it is made through the intervention of a trustee. Clark v. Fosdick, supra; Hendricks v. Isaacs, 117 N. Y. 411, 22 N. E. 1029, 6 L. R. A. 559; Dean v. Railway Co., 119 N. Y. 540, 23 N. E. 1054. These cases hold that the common-law disabilities incident to the relation of husband and wife still exist, except in so far as that they have been swept away by express legislative enactments, and that at common law such a contract between husband and wife is void. We know of no laws which were enacted which abrogated the common-law rule in regard to the disability of husband and wife making a valid contract between each other in regard to the subject-matter contained in the contract under consideration.

Chapter 381 of the Laws of 1884 expressly provides:

"A married woman may contract to the same extent, with like effect and in the same form as if unmarried, and she and her separate estate shall be liable thereon whether such contract relates to her separate business or estate or otherwise, and in no case shall a charge upon her separate estate be necessary. This act shall not effect nor apply to any contract that shall be made between husband and wife."

Chapter 537 of the Laws of 1887 provides that:

"Any transfer or conveyance of real estate hereafter made by a married man directly to his wife, and every transfer or conveyance of real estate hereafter made directly by a married woman to her husband, shall not be invalid because such transfer or conveyance was made directly from one to the other without the intervention of a third person."

Neither of these enactments removes the disability of the common law of husband and wife to contract with each other directly in regard to the subject-matter contained in the agreement set up in the

complaint herein. But equitable jurisprudence disregards the fiction of the common law, which proceeded upon the doctrine of unity of husband and wife, by which the legal existence of the wife was deemed to be merged in that of her husband, preventing them from contracting with each other, and adjudicates upon contracts between the husband and wife according to the nature and equity of the case. Cases supra; and Story, Eq. § 1380; Magee v. Magee, 67 Barb. 487; Baker v. Barney, 8 Johns. 72; Hungerford v. Hungerford, 161 N. Y. 550, 56 N. E. 117.

By the contract in the case at bar, the plaintiff, in consideration of the defendant agreeing to pay her $15 a month for the support of the children, agreed to accept said sum in full satisfaction of all her claims against him for her support. The plaintiff, since the making of the contract, on April 23, 1888, has not made any claim upon defendant for her support, and omitted to cause to be made any provision for alimony in the decree of divorce of October 31, 1891, on account of said contract. She is estopped from making any claim for her support by reason of her covenant in said contract contained in relation thereto. Plaintiff executed her part of the contract; wherefore defendant ought to perform his part thereof. The contract is just and fair, and equitably ought to be enforced.

As to the other defense set up, that the contract is merged in the decree of divorce, it was held in Clark v. Fosdick, supra, that that is not a good defense.

Judgment appealed from affirmed, with costs and disbursements.

FITZSIMONS, C. J., concurs.