# SANTMYER v. SANTMYER.

SEPARATION AGREEMENT; NECESSITY OF TRUSTEE; EFFECT OF DIVORCE.

1. A contract of separation is not affected by a decree of divorce in favor
   of the husband on the ground of desertion, in the absence of an
   express adjudication respecting the contract, even though the decree
   is silent on the subject of alimony.

2. A husband and wife may enter into a contract of separation without
   the intervention of a trustee. (Following *Bronson* v. *Brady*, 28
   App. D. C. 250.)

No. 3143. Submitted December 4, 1918. Decided January 6, 1919.

HEARING on an appeal from a judgment of the Supreme
Court of the District of Columbia, on verdict, in an action on
a sealed contract of separation between a husband and wife.
                                                *Affirmed.*

The COURT in the opinion stated the facts as follows:

Appellee, Eva C. Santmyer, hereafter referred to as plain-
tiff, sued defendant Edward L. Santmyer, on a sealed contract
of separation entered into between the parties, husband and
wife, on March 15, 1912. The contract, after reciting that
the "parties are husband and wife, between whom irreconcilable
difficulties have arisen," in the third paragraph provides: "The
party of the first part also shall pay to the party of the second
part, for her further support and maintenance and for the
support and maintenance of their minor child, the sum of
twenty-five dollars ($25) per month, upon the first day of
each and every month hereafter, while their said child is in
regular attendance at school, and that from and after that
time, the said party of the first part, instead of said sum of

NOTE.—On validity of agreement between husband and wife renouncing
marital rights, see note in 12 L.R.A. (N.S.) 848.

twenty-five dollars ($25), shall pay to the party of the second part the sum of fifteen dollars ($15) per month, for her further support and maintenance, payable as aforesaid, so long as both said parties of the first and second parts shall live. The first of said monthly payments to be made on the 1st day of April, 1912, and a proportionate amount for the current month of March to be paid forthwith. It is understood that the absence of said child from school on account of illness shall not excuse the party of the first part from making a full payment of twenty-five dollars ($25)."

This suit was brought to recover the $15 per month for the months of August, September, and October, 1915. From a verdict and judgment in favor of plaintiff, defendant appeals.

*Mr. Levi H. David* and *Mr. John G. Capers,* for the appellant, in their brief cited:

*Audubon* v. *Shufeldt,* 181 U. S. 577; *Bailey* v. *Bailey,* 127 N. C. 474; *Barrett* v. *Failey,* 111 U. S. 524; *Bateman* v. *Ross,* 1 Dow. 235; *Behrley* v. *Behrley,* 93 Ind. 255; *Benyon* v. *Benyon,* 24 Week. Rep. —; *Bronson* v. *Brady,* 28 App. D. C. 250; *Bullock* v. *Bullock,* 27 L. T. N. S. 247; *Carr* v. *Carr,* 22 Gratt. 168; *Chapman* v. *Parsons,* 66 W. Va. 307; *Clark* v. *Fosdick,* 118 N. Y. 7; *Charlesworth* v. *Holt,* 43 L. J. Exch. N. S. 25; *Demonet* v. *Burkart,* 23 App. D. C. 323; *Drummond, Re,* 12 L. T. N. S. 172; *Fletcher* v. *Fletcher,* 2 Cox, 105; *Grant* v. *Budd,* 30 L. T. N. S. 319; *Harris* v. *Harris,* 31 Gratt. 13; *Hitner's Appeal,* 54 Pa. 110; *Howell* v. *Howell,* 104 Cal. 45; *Julier* v. *Julier,* 62 Ohio St. 90; *Kamp* v. *Kamp,* 59 N. Y. 212; *Kehr* v. *Smith,* 20 Wall. 31; *Kremelberg* v. *Kremelberg,* 52 Ind. 553; *McCarthy* v. *McCarthy,* 20 App. 195; *McCormick* v. *Hammersley,* 1 App. 313; *Maudslay* v. *Maudslay,* L. R. 2 Prob. Div. 256; *Muckenberg* v. *Holler,* 29 Ind. 139; *O'Connell* v. *Noonan,* 1 App. D. C. 332; *Pettit* v. *Pettit,* 107 N. Y. 667; *Roseberry* v. *Roseberry,* 27 W. Va. 760; *Smith* v. *Gilmore,* 7 App. D. C. 192; *Sprague* v. *Sprague,* 73 Minn. 474; *St. John* v. *St. John,* 11 Ves. Jr. 536; *Thompson* v. *Thompson,* 218 U.

S. 611; *Thompson* v. *Thompson,* 31 App. D. C. 557; *Thompson* v. *Thompson,* 226 U. S. 566; *Thompson* v. *Thompson,* 35 App. D. C. 25; *Thompson* v. *Howard,* 31 Mich. 309; *Vos* v. *Robb,* 155 U. S. 13; *Wallingsford* v. *Allen,* 10 Pet. 583; *Westmeath* v. *Salisbury,* 5 Bligh. N. R. 339; *Williams* v. *Baily,* L. R. 2 Eq. 731; *Wood* v. *Wood,* 59 Ark. 441; 1 Bl. Com. p. 442; Clancy, H. & W. 414; 1 Chitty, Contr. 251; D. C. Code, secs. 1152–1155; Shelford, Mar. & Div. 629; Stewart, Mar. & Div. 191; 2 Story, Eq. Jur. 1428.

*Mr. John Ridout* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

Error is assigned in the refusal of the court below to admit in evidence on behalf of defendant the bill of complaint, the answer, and the final decree in a divorce suit brought by defendant against plaintiff in the corporation court of the city of Alexandria, Virginia. The single ground averred in the complaint, and upon which the decree of divorce was granted, was that plaintiff had "wilfully deserted and abandoned the said Edward L. Santmyer for more than three years prior to the institution of this suit, without just cause or excuse." In the complaint, the husband set up the contract here sued upon as evidence of his efforts to effect a reconciliation with his wife, but sought no relief from its obligations. The wife answered, denying desertion, admitting the contract, and, as a defense, charging her husband with acts of adultery. She also prayed for the allowance of counsel fees and alimony *pendente lite.* The court refused to sustain the charge of adultery, and a decree dated August 7, 1915, granted the husband, defendant here, an absolute divorce on the single ground of desertion, without reference to alimony or to the contract of separation.

Of course, full faith and credit should be accorded this decree if it is material to the present suit, but we agree with the court below that it is not. No question of public policy is here involved, as was held by the New Jersey court in the recent

case of *Devine* v. *Devine*, — N. J. Eq. —, 104 Atl. 370, chiefly relied upon by counsel for defendant, where the divorce was granted upon the ground of the adulterous conduct of the wife, and a contract similar to the one before us was held to be no longer binding upon the husband; since the court construed the agreement as containing an implied condition that the wife should remain chaste. The decision in this case, however, seems to stand alone and to be contrary to the great weight of authority. But it is not in point here; for, in the Virginia suit, the adultery charged was the adultery of the husband, and not that of the wife.

But the effect of a decree of divorce upon a contract such as the one before us is not new to the courts. It is no longer an open question that, in the absence of express adjudication upon proper pleadings adverse to the agreement, it remains in force unaffected by the decree. *Carey* v. *Mackey,* 82 Me. 516, 9 L.R.A. 113, 17 Am. St. Rep. 500, 20 Atl. 84; *Kremelberg* v. *Kremelberg,* 52 Md. 553; *Galusha* v. *Galusha,* 116 N. Y. 635, 6 L.R.A. 487, 15 Am. St. Rep. 453, 22 N. E. 1114; *Blaker* v. *Cooper,* 7 Serg. & R. 500; *Clark* v. *Fosdick,* 118 N. Y. 7, 6 L.R.A. 132, 16 Am. St. Rep. 733, 22 N. E. 1111, 23 N. E. 136. In the *Kremelberg Case,* the court said: "The deed does not provide for the payment of the annuity so long as the respondent should remain as his wife, nor that it is to be discharged upon a divorce of the parties. The fact is, at the time the covenant was made, the parties only contemplated living apart, and did not therefore make any provision upon the contingency of a divorce."

It is contended that, since the separation agreement was before the Virginia court, the application of the wife for alimony *pendente lite* necessarily involved a consideration of the terms of the contract to determine that issue. This can be met by a number of answers. The separation agreement was only brought into the divorce case to prop up the averment of attempted reconciliation. Nothing in the record discloses any adjudication of the question of alimony. No permanent alimony was asked, and none, of course, was awarded; nor does

it appear that temporary alimony was allowed. But the mere allowance of either, in the absence of an express adjudication respecting the contract, would not affect its subsequent validity. Implied adjudication affecting the agreement will not be presumed from the silence of the decree on the subject of alimony. The cases cited by counsel for defendant, notably *Thompson* v. *Thompson,* 226 U. S. 551, 566, 57 L. ed. 347, 353, 33 Sup. Ct. Rep. 129, are merely to the effect that, where a divorce is granted to a husband and alimony is refused, even where the decree is silent on that subject, the wife, being the offending party, is foreclosed by the decree from securing alimony or maintenance in a separate action. In the *Thompson Case,* where, as here, a Virginia decree in favor of the husband was involved in a suit for maintenance by the wife in this District, the court said: "Since the courts of Virginia hold upon general principles that alimony has its origin in the legal obligation of the husband to maintain his wife, and that although this is her right she may by her conduct forfeit it, and where she is the offender she cannot have alimony on a divorce decreed in favor of the husband (*Harris* v. *Harris,* 31 Gratt. 13), it is plain that such a decree forecloses any right of the wife to have alimony or equivalent maintenance from her husband under the law of Virginia."

Alimony and maintenance have their origin in the obligation of the husband to support his wife, and are usually dispensed in the equitable jurisdiction of the court. But here we have an express contract of separation in which the husband agrees, in consideration of the separation, not only to pay the wife a stipulated amount per month as long as both shall live, but the contract further provides, as part of the consideration, for the conveyance by the husband to the wife of certain real estate in the District of Columbia and the payment to her of a cash sum in the amount of $100. The contract makes no provision for rescission in the event of divorce or remarriage of either, as it might have done, but expresses a fixed obligation for a legal consideration continuing during the life of both so long as they live apart. It, therefore, could only be rescinded by

mutual consent or by express adjudication in a proper proceeding. To hold otherwise, we would have to read into this contract a condition not warranted by its terms. This the court will not do. In *Charlesworth* v. *Holt*, 29 L. T. N. S. 647, a case where it was sought to annul a deed of separation on the ground of the subsequent adultery of the wife, the court said: "The contingency of adultery being committed by either of the parties was evidently not contemplated by anyone when the deed was executed, and therefore the court cannot introduce into the deed a condition not already there."

The remaining assignments of error involve the question of the power of a husband and wife to enter into a contract of separation in the District of Columbia except through the intervention of a trustee. The question of the power of husband and wife to contract directly with each other is foreclosed in this jurisdiction by our ruling in *Bronson* v. *Brady*, 28 App. D. C. 250, where we held that, under § 1151 of the Code [31 Stat. at L. 1373, chap. 854] a married woman might contract with her husband. It is insisted, however, that this decision is overruled by *Thompson* v. *Thompson*, 218 U. S. 611, 54 L. ed. 1180, 30 L.R.A.(N.S.) 1153, 31 Sup. Ct. Rep. 111, 21 Ann. Cas. 921, where it was held that the wife could not maintain an action in tort against her husband to recover damages for injuries received as the result of an assault committed by the husband upon the wife. There is a sharp distinction between actions *ex delicto* for personal injuries and actions *ex contractu* when they arise between husband and wife. In the *Thompson Case* the question of public policy is invoked calling for a strict construction of the statute as affecting the rule of the common law. But here, we are dealing with an action *ex contractu* for the enforcement of a contract which formed the basis of a general settlement or division of property between the husband and the wife. We are content to abide by our decision in the *Bronson Case* as conclusive of the proposition here presented.

The judgment is affirmed, with costs.          *Affirmed.*