*Carter*
*v.*
*Carter.*

[*463]

F. CARTER, BY HER NEXT FRIEND *v.* J. K. CARTER.

Where the wife was entitled to an equitable allowance out of the separate
estate of her husband, who was a lunatic, but of whose person and estate
no committee had been appointed, the court ordered her separate property
to be transferred to the assistant register, and that the income thereof be
paid to her upon her separate receipt, until the further order of the court.

IN this case the wife, by her next friend, filed a bill May 5th.
against her husband to secure an equitable allowance out
of two bonds and mortgages and certain stocks bequeathed
to her by her father. The husband being a lunatic, the
bill also prayed that a committee of his person and estate
might be appointed by the court. The husband put in his
answer by a guardian *ad litem*, appointed by the court for
that purpose, and the facts were ascertained by a reference
to a master.

VOL. I.                    33

THE CHANCELLOR :—Upon the principle of the decision in *Kenny* v. *Udal & Kenny*, (5 John. Ch. Rep. 464,) the complainant has a claim in equity to so much of the property devised to her by her father as is necessary for her support and maintenance, and the husband is not entitled to assign the two bonds and mortgages, or the insurance stock in the bill mentioned, or to collect the principal or interest of the mortgage, or receive the dividends on the stock, until a suitable provision is made by him for her support. But as he is not now in a situation to make such provision, and cannot transact business until a committee is appointed for him, there must be a decree declaring the right of the *complainant as above, and directing an assignment and transfer of the said two bonds and mortgages and the said insurance stock to the assistant register of this court, to abide the further order thereof; and that he receives the interest on the bonds and mortgages, and the dividends on the insurance stock accruing from time to time, and pay the same over to the complainant on her separate receipt or order; and it is declared that the transfer and assignment of the said bonds and mortgages, and the twenty-two shares of Globe insurance stock to the said assistant register, by the said Frances Carter and by William T. McCoun, as guardian *ad litem* for the defendant, shall be valid and effectual to transfer the same as if the defendant was of sane mind, and had personally joined in such assignment.

The application for the appointment of a committee for the defendant to take care of his person, and of his other property, cannot be granted in this suit. It must be on petition, and a commission must be executed in the usual manner.