plaintiff makes a fair case of express malice on the part of the defendant. The motion is, therefore, denied, with $10 costs.

Motion denied, with $10 costs.

---

(20 App. Div. 518.)

### FIRST NAT. BANK OF CANTON v. WASHBURN.

(Supreme Court, Appellate Division, Third Department. September 28, 1897.)

1. MORTGAGES—FORECLOSURE — COSTS AGAINST A RECEIVER PERSONALLY —NO-
TICE

    Where a receiver unreasonably defends a suit to foreclose a mortgage, he is entitled to notice of an application to charge him personally with the costs.

2. SAME—UNREASONABLE DEFENSE BY RECEIVER—COSTS.

    Where a receiver unreasonably defends a suit to foreclose a mortgage, he should be charged only with the costs caused by the defense, in the absence of any reason why he should be punished by charging him with the costs not caused thereby; and a judgment, in such case, for the entire costs, on default of the receiver after notice of motion for adjustment, should be opened, unless plaintiff stipulates to limit the costs against the receiver to those caused by the defense.

Appeal from special term, St. Lawrence county.

Action by the First National Bank of Canton against James S. Smith, as receiver of the property of the firm of Smith & Hanfield, impleaded with others, to foreclose a mortgage. Pending the action, Monroe B. Washburn was substituted as receiver; and afterwards there was a decree of foreclosure, and a judgment against Washburn, individually and as receiver, for the costs. From an order denying his motion to resettle the findings and open such judgment, Washburn, individually and as receiver, appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Kellogg, Rose & Smith, for appellant.

Lawrence Russell and J. S. L'Amoreaux, for respondent.

MERWIN, J. This action was commenced in December, 1895, for the foreclosure of two mortgages bearing date August 1, 1894, for the sum, in the aggregate, of $10,000, and interest. The full amount of the mortgages was claimed to be due. James S. Smith, as receiver of the property of the firm of Smith & Hanfield, was made a party defendant, it being alleged that he, among others, had or claimed some interest in or lien on the premises, subsequent to the lien of the mortgages. Smith, as receiver, was not served, and on the 3d of June, 1896, Monroe B. Washburn was substituted as receiver in the place of Smith. On the application of the plaintiff, Washburn, as receiver, was afterwards made a party defendant; and on the 13th November, 1896, he was served with the summons, complaint, and notice of no personal claim. On December 3, 1896, he served an answer, denying any knowledge or information sufficient to form a belief as to the matters contained in the complaint. On the 17th April, 1897, the plaintiff's attorney served on the attorneys for the receiver a notice of trial for the St. Lawrence term, on the 3d May, 1897, stating also that motion would then and there be made for

judgment, with costs. At the term, on the 3d May, the receiver did not appear, and as to him judgment was taken by default. Findings were made by the court, in which, among others, there was a finding of fact that the receiver, "having been duly served herein with due notice of no personal claim against him, unreasonably defends this action." The fourth finding of law was "that the plaintiff herein have judgment against the defendant Monroe B. Washburn, personally and as such receiver, for the costs of this action. In case, however, the premises sell for more than sufficient to pay the amounts due on the bonds and mortgages, and the expenses of sale only, the amount of deficiency to pay the costs in full shall be collected of the said Washburn." On the 4th May, 1897, judgment was entered in accordance with these findings. On the same day, the costs of the plaintiff were taxed at the sum of $409.62, and notice of readjustment for the 18th May served upon the attorneys for the receiver. Thereupon, on the 12th May, the attorneys for the receiver served papers for a motion at special term to strike out from the findings and judgment the provisions charging the said Washburn, personally and as receiver, with costs, or that his default at the trial be opened, and the judgment set aside, and he be permitted to show that he has not unreasonably defended the action, and is not liable for the costs. This motion was denied, and Washburn, individually and as receiver, appeals. The special term at which the motion was made was held by the same judge who tried the case.

No notice was given to Washburn or his attorney that an application would be made to charge him personally with the costs. He was entitled to such a notice, within the rule laid down in Slocum v. Barry, 38 N. Y. 46. The notice in fact given did not apprise him of any such intention. The findings and judgment were, we think, irregular so far as they assumed to pass upon the question of his personal liability. Upon his motion at the special term, he was entitled to have the provisions on that subject stricken out, without prejudice, however, to any proper application by the plaintiff on the subject.

The appellant also claims relief from the judgment against him, as receiver, for the entire costs of the action in case the premises do not bring enough to pay the entire debt and costs. This matter was under the notice properly before the court for consideration, and the receiver was bound to expect that he might, as such, be charged with costs. He put in a defense when he had none, and some delay was thereby occasioned. Had the costs charged against the estate in his hands been limited to the costs incurred by reason of the answer being put in, he would have had no good reason to complain. It has been held in similar cases that the costs chargeable upon a party who unreasonably defends were those occasioned by such defense. Bank v. Platt, 1 Paige, 464; Park v. Peck, Id. 477. In the present case, instead of being charged with the additional costs made necessary by the answer, which, as appears by the bill of costs in the printed papers, are about the sum of $45, he is charged with the entire bill, which is $409.62. What the interest of the receiver or of the firm he represents is in the mortgaged premises is

not made to appear. No affidavit is made by the receiver, but by the attorney, who seems to be familiar with the facts. The special term in effect held that no sufficient excuse was presented for opening the default. This would, we think, be correct, provided the costs charged by the judgment against the receiver had been limited to those usually chargeable in such cases. No sufficient reason is apparent in the papers before us to punish the receiver to the extent of the large amount of costs that would have been incurred just the same had he not answered. If the plaintiff stipulates to limit the amount of costs chargeable to the appellant, as receiver, to the sum of $45, then the motion to open the default on that subject should be denied; otherwise, the default of the receiver, as such, should be opened so far as his liability for costs is concerned, and he be permitted to have a hearing upon that question, as upon a question reserved. This, however, should be on condition that the decision and judgment in other respects stand in full force.

It follows that the order appealed from should be reversed, and relief granted as follows: (1) So much of the decision and judgment as directs the payment of the costs by the defendant Washburn personally should be stricken out as irregular, without prejudice to any proper application for such relief. (2) If the plaintiff, within 20 days, stipulates to limit the liability of Washburn as receiver for costs to the sum of $45, the motion to open the default of the receiver in that regard should be denied; otherwise, granted, and he be permitted to have a hearing upon that question, as upon a question reserved, upon condition, however, that the decision and judgment, except as to the disputed costs, stand in full force.

Order reversed, with $10 costs and disbursements, and relief granted, as stated in the opinion. All concur.